HARVEY M. SOULE *et al.*, Appellants, *v.* THOMAS B. CHASE, Respondent.

Creditors residing out of the jurisdiction of the State at the time the debt is contracted, are not to be affected in their rights by the insolvent laws of this State.

The fact, that they seek to avail themselves of the courts of this State to enforce their rights under such extra territorial contract, does not render them amenable under the insolvent laws of this State.

But, where a foreign creditor voluntarily makes himself a party to proceedings under the insolvent laws of the State, which discharges the debts, and he accepts a dividend under the law, he is estopped from denying the regularity and validity of such proceeding.

THIS is an appeal from a judgment of the Superior Court of the city of New York. The trial was had on the 5th day of March, 1861, in the city of New York. The plaintiffs proved, that, on the 12th day of May, 1855, they recovered a judgment in the Supreme Court of the State of New York, against the defendants for $224.19. They proved permission of the court, to bring an action upon the judgment, also the interest due and rated.

The defendant then offered in evidence a certified copy of proceedings in insolvency in the courts of New York, commenced May 19, 1859, together with his final discharge under the same, dated November 7, 1859. Various objections were made to the admission of these proceedings, which were overruled, and to which ruling the plaintiffs excepted. The proceedings were given in evidence, and the defendant rested.

The plaintiffs offered to show, that, at the time the debt to them was contracted, they were non-residents of the State of New York, and residents and citizens of the State of New Jersey. This testimony was objected to and excluded, and the plaintiffs excepted.

The jury found a verdict for the defendant, upon which judgment was entered. Upon appeal to the General Term, that court affirmed the judgment, and the plaintiffs now appeal to this court.

*D. M. Brown,* for the appellants.

*Bogardus & Brown,* for the respondent.

CLERKE, J.   The objections taken by the plaintiff's counsel at the trial, relating to the validity of the insolvent's discharge, do not show, that the officer, who granted the discharge, had not jurisdiction.   They related to points, which he could decide at the hearing, and his decision would be conclusive.   All the requisites necessary to give the officer jurisdiction were sufficiently proved.   At the trial of this action, the plaintiff's counsel, also, for the purpose of rebutting the effect of the discharge, offered to prove, that the plaintiff was a non-resident of this State at the time the debt was contracted ; and it appeared that he was a non-resident when the proceedings to obtain the discharge was commenced.   He never participated in or sanctioned them, and he received no dividend, or any other benefit after the discharge was granted.   The judgment, upon which this action is founded, was recovered on the 12th of May, 1855 ; the defendant obtained his discharge as insolvent, on the 7th of November, 1859.

The Supreme Court of the United States has repeatedly held, that a discharge granted in one State cannot affect creditors who are citizens of another State.   They hold such a discharge, as far as non-residents are concerned, to be in contravention of that provision of the Constitution of the United States, which declares, that no State shall pass a law impairing the obligation of contracts. (Art. 1, § 10).   In *Hicks* v. *Hotchkiss* (7 Johns. Ch. 197), Chancellor KENT delivered an elaborate opinion on this subject, referring to the well known case of *Sturges* v. *Crowninshield* (4 Wheaton, 122), and to cases decided by the courts of this and other States ; and he came to the conclusion, that a discharge of this nature is not a bar to a suit here upon a contract made, or debt incurred, between parties in another State, and residing there at the time.   In *Van Hook* v. *Whitlock* (26 Wend. 431), this subject was very fully discussed in the Court for the

Correction of Errors by the chief justice. He referred also to *Sturges* v. *Crowninshield*, and to *Ogden* v. *Saunders* (12 Wheat. 212), showing, that in the latter it was held, that, as between citizens of the same State, the discharge is valid, as far as contracts made posterior to the law are concerned; but, as against citizens of other States, it is void as to all contracts wherever made. In *Clay* v. *Smith* (3 Peters, 411), it was, however, held, that, if the creditor voluntarily makes himself a party to the proceedings under a State insolvent law, which discharges the debt, and accepts a dividend under the law, he will be bound by his own act, and be deemed to have abandoned the extra territorial immunity.

In the case before us, it is admitted that the creditors were non-residents at the time the debt was incurred, and were non-residents at the time the proceedings to obtain the discharge were commenced. The only particular in which it differs from cases to which I have referred is, that the creditor (the plaintiff), commenced an action in a court of this State, to recover the debt; and upon the judgment recovered in that action, they instituted the action now before us. It is contended, in behalf of defendant, that, by resorting to a court of this State, they should be deemed to have abandoned the extra territorial immunity; but it seems to me that the decision of this court in *Donnelly* v. *Corbett* (3 Seld. 500), disposes of that position. The debt there was incurred by a citizen of South Carolina, to merchants residing in this State; the plaintiff (the survivor of the firm), brought an action in the Court of Common Pleas, of the Charleston district in the State of South Carolina, and recovered a judgment on the 22d of April, 1843. On the 11th March, 1844, the debtor obtained a discharge from his debts under an insolvent law of that State. It was expressly held by this court, in an action commenced in the Court of Common Pleas of the city of New York to recover this debt, that the resort of the plaintiff to a court of the State of South Carolina, did not divest him of his extra territorial immunity, so as to prevent him from objecting to the subsequent discharge of the debtor under the insolvent laws of that State. So,

the plaintiff in the case before us, being a non-resident when the debt was incurred, and when the insolvent proceedings were commenced, was not divested of his extra territorial immunity by resorting to a court of this State; and the discharge is not available against them.

The judgment should be reversed; new trial; costs to abide event.

Hunt, Ch. J. (dissenting). Of the numerous objections made to the validity of the defendant's discharge, I deem it necessary to consider two only.

1. It is objected that certain creditors signed the petition without relinquishing the securities held by them. This objection arises upon several affidavits annexed to the petition, of which the following is an example: "Samuel Suydam, being sworn, says, that the sum of $4,927 * * is justly due to him from the said insolvent, for goods, wares and merchandise, sold and delivered, and secured by indorsement of promissory note of C. W. Smith, now due and payable," etc. The statute provides that no person shall become a petitioner in respect to a debt for which he has any security, unless he add to his signature a declaration relinquishing it to the trustees to be appointed.

The validity of the discharge can only be attacked collaterally, for certain specified causes (of which this is not one), and for matters striking at the jurisdiction of the officer granting the discharge. All other grounds of objection must be submitted to the officer, must be passed upon by him, and his decision is conclusive. The recitals in the discharge are evidence of all the facts therein stated, conclusive as to non-jurisdictional facts, *prima facie* merely as to jurisdictional. (*Stanton* v. *Ellis*, 2 Kern. 575.) A sufficient reason why the objection under consideration should not prevail, is, that it was not taken on the trial of the action. There is not a word in the record to show that the defendant's attention was called to this subject, and an opportunity given to him to answer the suggestion. We do not allow verdicts to be overturned, upon objections raised

by shrewd counsel upon subsequent examination, and which were not noticed upon the trial. If the objection had been made at the proper time, the defendant might have been able to give a satisfactory answer to it. But he had no opportunity. We hold to this rule rigidly, and the present case furnishes a good illustration of its propriety. Again, the meaning of this affidavit is so doubtful, that I should hesitate to overturn a judgment, upon any construction to be placed upon it. Grammatically, it reads, that Suydam had sold four thousand dollars' worth of goods, for which Chase was justly indebted to him, for which he had received the promissory note of C. W. Smith, which note was indorsed by the insolvent, and was now due and payable. Smith thus becomes the principal debtor, and the insolvent a surety merely. Of course, this is a possible state of things, but it is not probable. I suppose the affidavit intended to state that Smith was the indorser of the note made by the insolvent, and by a slight transposition of words, or by a judicious emphasis, the language may be so read. Neither am I prepared to say, that this objection is jurisdictional, and that the admission by the officer of these parties, to the place of petitioners, is not conclusive on that subject.

It is further objected, that the circumstance offered to be proved, that, at the time of the contracting of the debt in question, the plaintiffs were citizens of the State of New Jersey, was conclusive against the validity of the discharge as to them. The principle authorities upon this subject are those of *Ogden* v. *Saunders* (12 Wheat. 213), *Donnelly* v. *Corbett* (3 Seld. 300) and *Baldwin* v. *Hale* (1 Wal. 223). In the case first mentioned, the question chiefly discussed was the validity of the insolvent laws of a State, in reference to their effect upon debts contracted subsequent to its passage. It was also decided, that the certificate of a discharge, under such a law, could not be pleaded in bar of an action, brought by a citizen of another State, in the courts of the United States, or of any other State, than that where the discharge was obtained. In *Donnelly* v. *Corbett*, it was held, that a State law, by which a debtor is discharged from his debts, is

invalid as to contracts made out of the State, where a citizen
of another State is a party.   In *Baldwin* v. *Hale*, the sylla-
bus states the decision as follows: "A discharge obtained
under the insolvent law of one State is not a bar to an action
on a note given in, and payable in, the same State, the party
to whom the note was given having been, and being, of a
different State, and not having proved his debt against the
defendant's estate in insolvency, nor in any manner been a
party to those proceedings."

The present case does not fall within the principle of these
decisions.   In each of those cases, the action was brought in
the United States courts, or in the courts of the State of
which the creditor was a citizen, and not in the courts of the
State where the discharge was granted.   If the creditor
waives his right to sue in the federal courts, and chooses, vol-
untarily, to submit himself to the jurisdiction of the tribunals
of the State of which the debtor is a citizen, he is bound
by its decisions, and its records.   The provisions of its stat-
utes, declaring exemption or liability, and the adjudications
of its courts, must be maintained within its own territory.
This principle is clearly set forth in each of the cases I have
cited.   Thus, in *Baldwin* v. *Hale*, in announcing the prin-
ciples that had been decided, Judge CLIFFORD says, "that
three principal points had been ruled, first, that the power
to congress to pass bankrupt laws was not exclusive; second,
that a bankrupt law, in its effect upon contracts entered into
subsequent to its passage, was not a law impairing the obli-
gation of contracts; and thirdly, that a certificate of dis-
charge, under such a law, cannot be pleaded in bar of an
action, brought by a citizen of another State, in the courts
of the United States, or of any other State, than that where
the discharge was obtained."   That this invalidity only
exists, where the action is brought in United States courts,
or in the courts of a State, other than that where the dis-
charge was obtained, and that it would be good in the latter
courts, further appears from the statement of the same judge,
on the second page following (232).   He there says, "Such
were the views of the court in *Suydam* v. *Broadnax* (14

Peters, 75), where it was expressly held, that a certificate of discharge cannot be pleaded in bar of an action, brought by a citizen of another State, in the courts of the United States, or of any other State, than that where the discharge was obtained."

We find the same distinction laid down in *Ogden* v. *Saunders*, above cited. I have already quoted the head-note, in which the invalidity of the discharge is limited to cases where the action is brought in the courts of the United States, or of any other State, than that where the discharge was obtained. It is well sustained by the case. In discussing the case of *Ogden* v. *Edwards*, Judge JOHNSON says, "We are not in possession of the grounds of the decision below (in *Ogden* v. *Saunders*), and it has been argued here as having been given upon the general nullity of the discharge, on the ground of its unconstitutionality. But it is obvious, that it might also have proceeded upon the ground of its nullity as to citizens of other States, who have never by any act of their own, submitted themselves to the *lex loci* of the State that gives the discharge." And, again, in stating the principle of *McMillan* v. *McNeal* (4 Wheat. 209), he says, "It is nothing more than this, that insolvent laws have no *extra territorial* operation upon the contracts of other States." Again, at page 358, in making the final disposition of *Ogden* v. *Saunders*, the same learned judge says, "The question now to be considered is, whether the discharge of a debtor, under a State insolvent law, would be valid against a creditor, or citizen of another State, who has never, voluntarily, subjected himself to the State laws, otherwise than by the origin of his contract." In a note at the end of this case, the case of *Shaw* v. *Robbins* is decided by Justice JOHNSON, who says, "This is a contract between a citizen of New York, and a citizen of Massachusetts. It only differ from *Ogden* v. *Saunders* in this particular, that the action was brought in a State court, not the court of New York (where the discharge was obtained), but the court of another State." It was decided in the same manner.

The decision, in *Donnelly* v. *Corbett* (3 Seld. 500), is in

harmony with the principle I have stated.   Corbett was a
resident of South Carolina, and when he purchased goods of
plaintiff, in New York, gave his note on them, payable in
South Carolina.   Judgment was recovered against him in
the courts of that State, and ineffectual efforts made to collect·
the amount.   He subsequently obtained a discharge in the
State of South Carolina, and pleaded it in answer to the pres-
ent attachment suit commenced in the Court of Common
Pleas of New York.   The court held it to be no defense,
but nowhere intimate that it would not have been a defense
to a suit brought in the courts of the State granting the dis-
charge.   GARDNER, J., says, "I do not perceive that we are
required by authority, principle or comity, to give that law
(the insolvent law) an extra territorial effect, under the cir-
cumstances disclosed by this bill of exceptions."   There are
cases in this State and in Massachusetts, holding, that, where
the contract is made and is to be executed within this State,
the discharge is a bar, although the creditor was a citizen
of another State, and had not united in the petition, or
accepted a dividend. (*Parkinson* v. *Scoville,* 19 Wend. 150;
5 Gray, 539.) Upon the recent decisions of the United States
courts, I, however, assume this point in favor of the plaintiffs.

The doctrine on the point before us is thus laid down by
Judge STORY : "Notwithstanding the principle that a dis-
charge by the *lex loci contractus* is valid everywhere, and,
*vice versa,* is generally admitted as a part of private inter-
national law, yet it cannot be denied that any nation may
by its own peculiar jurisprudence refuse to recognize it, and
may act within its own tribunals upon an opposite doctrine.
But, then, under such circumstances, its acts and decisions
will be deemed of no force or validity beyond its own terri-
torial limits.   Thus, if a State should, by its own laws provide
that a discharge of an insolvent debtor, under its own laws,
should be a discharge of all the contracts, even of those
made in a foreign country, its own courts would be bound
by such provisions.   But they would or might be held mere
nullities in other countries." (Story Confl. Laws, § 348 ; see
also § 349.)

Upon principle and authority I hold that the discharge was a good defense to an action brought in the courts of the State which granted it, although the plaintiff was a citizen of another State at the time of contracting the debt, and continued to be when he commenced the present action.

The judgment should be affirmed.

Judgment reversed.