McCunn, J.
(dissenting). The motion was for a reargument, and such motion is addressed to the discretion of the Court in the exercise of its equitable power to interfere to prevent a failure of justice.
If the case were fully .and fairly presented and considered, and deliberately decided, and no circumstance of surprise or fraud or mistake appear in the affidavit, the Court will not interfere merely to afford the party moving another chance of success. But the affidavit here discloses a signal instance of surprise to the plaintiff, and shows further that, except the Court interpose at this stage of the cause, and in the manner solicited, an irreparable failure of justice may occur.
The judgment in favor of the plaintiff was reversed on the ground that the Court had no power to allow amendment of the summons and complaint substituting the Board of Supervisors as defendants instead of the Mayor, Aldermen, and Commonalty.
But the legal representative of the Board, and of the Mayor, &c., consented to the substitution, and the plaintiff’s counsel, contemplating his official character, had a right to suppose that such consent was within the authority of the Corporation Counsel. *221 To have distrusted his authority would have implied au imputation on his integrity, and, since he gave the consent and thus betrayed the plaintiff into a particular course of conduct, he would be estopped on familiar principles to dispute the authority he represented himself to possess. This was the rule held by this Court in the case of Parker v. Union Life Insurance Co. (N. Y. Transcript of 10th March, 1869). See also, the case of Wolf v. Security Fire Insurance Co. (39 N. Y., 349), where the same doctrine is propounded.
The rights of third parties are involved, and we must decide the motion independently of the equivocal action of the learned Assistant Corporation Counsel. The plaintiff indisputably stands upon an unimpeachable equity. The time was when she might have retreated from her position in pursuance of the regular practice, and have regularly brought the proper party defendant before the Court, to wit, the Corporation of the City of New York. She was betrayed by the assent of the ostensible law officer of the city, and of the Board of Supervisors, into an exceptional amendment of the process and pleadings; and if she now be denied an opportunity to recall her improvident acquiescence she may never have a chance fairly to contest her claim, because the time within which she had a right to bring her action against the corporate authorities has elapsed. It appears by the affidavit of her attorney that the Assistant Corporation Counsel not only gave consent to the amendment, but forbore to intimate a doubt as to his authority so to consent, until the validity of the judgment was denied on appeal.
It appears further, that the plaintiff’s attorney, naturally embarrassed by this unexpected development of the Corporation Counsel, omitted to present the effect of section 173 of the Code of Procedure as bearing on the amendment in controversy. Bow this section of the Code declares “ that before or after judgment, in furtherance of justice, &c., &c., the Court can amend any pleading or process, by adding or striking out any part, or correcting a mistake in the names.” And this section, I hold, covers almost all cases which can arise, and most certainly covers the *222 one at bar. In a court such as this—a court of general jurisdiction—it is unnecessary to prove a service of process on defendants, or to prove that they appear in court. The presumption -always is, that the judgments rendered by such courts acquire jurisdiction over the person.
This is the doctrine laid down in Cowen & Hill’s notes, 905 and 906, and also in the case Hatcher v. Rocheleau (18 N. Y., 89 to 95).
This Court, in a case of this kind, is bound to assume that it had jurisdiction over the persons, and the subject-matter in dispute.
Again, no questions can be raised on this appeal except such as are presented by the exceptions, and no question involving a point of jurisdiction can be urged unless presented by the exceptions appearing in the ease. This rule being well settled and, as no such exceptions appear in this case, it is quite apparent that upon the former hearing a mistake was made' in allowing the point to be raised without such exceptions.
Indeed, no question of regularity or jurisdiction can be raised for the first time on appeal under the operation of this rule (Willis v. Waite, 25 N. Y., 577). Nor can I conceive how the question of jurisdiction can be raised at all. The only point that can be made is an unwarranted question, involving the right of this Court to exercise its powers; it has been brought into discussion, and the Court has ruled that it has no power to make an order in this action amending the process and pleadings, by striking out the Corporation of the City of New York and substituting the Board of Supervisors as defendants. How the ruling is palpably erroneous, for it is a direct subversion of statutory powers conferred upon the Court. It not only tends to warp them, but in fact abolishes them.
The -order in question was a simple order, of amendment made pursuant to a statutory power which enables .this Court, at any time during the pendency of the action, to amend any pleading by adding or striking out the name of any party, and the order granted herein was entirely within the scope and provision of that section, which, as I have said before, is broad enough to
*223 cover almost every conceivable case which can arise and call for the interposition of the Court; this rule was applied in the case of Sherman v. Fream (8 Abb., 33). Hay, more of our courts have held, and it is the correct theory, that section 173 enables courts to bring within their jurisdiction any person, even involuntarily, and substitute him in place of another defendant, where it appeared that the action could not succeed against one defendant, by striking out his name and substituting another in his stead, and directed the answer of the defendant, whose name was stricken out, to stand as the answer of him brought in, and thus wielding jurisdiction over him without the service of process upon him (Fuller v. The Webster Fire Ins. Co., 12 How., 293).
But that question does not arise in this ease; the order made herein was made upon consent and in open court. The Judge below, therefore, acted upon a solemn agreement, and by making it a part of the iiles of the Court, the learned Justice simply gave it vitality by and at request of both parties. After the amendment was granted, upon the consent, the Counsel for the Supervisors showed an unreserved submission to the jurisdiction of this Court; he goes on and litigates the issues raised by the pleadings as amended by the order. He joined issue upon the question of negligence, and appeared and tried the cause; this alone, without a consent, would give the Court jurisdiction over their persons entirely sufficient to enable it to render judgment against them.
Under these circumstances, and believing that the former Court misunderstood the position of the parties, the plaintiff has the clearest and strongest, possible equity to a reargument.
It is urged by my learned brethren, that to grant a rehearing in this case might open the door for confusion; but where the mistake in law is so glaring, I think it is the duty of the Court promptly, no matter what the consequence may be, to correct the error if it lie in their power this power we have), instead of subjecting this widowed litigant to the delays of an appellate court.
I am for correcting the error on the spot.