CROW *et al.*, Defendants in Error, v. COONS, Plaintiff in Error.

1. A., a citizen of and residing in the state of Missouri, sold goods to B., who also at the time of the sale resided in said state ; B. gave his note to A. for the indebtedness thus incurred; B. afterwards went to and became a citizen of California; A. transmitted said note to one C., an attorney at law in California, for collection; C., deeming it for the interest of A., surrendered said note to B., and received in renewal thereof another note from B.; this note was made payable to the order of " C., attorney of A.;" while this note remained in the hands of C., B. obtained a discharge therefrom under the insolvent law of California; C. afterwards endorsed the note to A. in Missouri, who commenced a suit thereon against B.    *Held*, that the discharge under the insolvent law of California could not be regarded as a valid discharge by the law of this state.

*Error to St. Louis Court of Common Pleas.*

This was an action by Wayman Crow and others, members of the firm of Crow, McCreery & Co., on the following promissory note : " $11,850.    San Francisco, April 4, 1854.    Six months after date, I promise to pay to the order of Lloyd Tevis, attorney of Wayman Crow, P. R. McCreery and Wil-

liam H. Barksdale, eleven thousand eight hundred and fifty dollars, with interest thereon at the rate of ten per cent. per annum from date until paid, for value received. [Signed] Benj. F. Coons.''

The facts upon which the case was tried were all agreed and were substantially as follows : '' That defendant on the 9th day of March, 1848, at St. Louis, executed to plaintiffs his promissory note of that date for the sum of $8,951.83, payable to Crow, McCreery & Barksdale, or order, in eight months after the date thereof; the consideration of which said note was for goods sold by said plaintiffs to said defendant, of the value of the sum specified in said note ; that said note was not paid at its maturity ; that at the time of the making of said note both defendant and plaintiffs were citizens of the state of Missouri, where said plaintiffs have ever since resided ; that afterwards and after the maturity of said note said defendant went to California and became domiciled there ; that said plaintiffs sent out the above mentioned note to Lloyd Tevis, an attorney residing at San Francisco, in said state of California, for collection against said defendant ; that said Tevis, deeming it for the interest of plaintiffs, his clients, so to do, delivered up to the defendant the above mentioned note, in substitution wherefor, at San Francisco, in said state of California, defendant executed and delivered to said Tevis the note now in suit and on file in this case, said defendant and said Tevis being then residents and citizens of said state of California ; that said Tevis had no interest whatever in the note first above described ; nor did he hold the note in suit for himself, but only as attorney for said plaintiffs ; that the legislature of the state of California passed an act entitled ' An act for the relief of insolvent debtors and protection of creditors,' approved May 4, 1852, &c. ; that after the making and delivery of said note by defendant to said Tevis, and while both said defendant and said Tevis were citizens of and residents in said state of California, and while said note was in the hands of said Tevis, and before any endorsement by him, the said defendant filed his petition in the

proper court in said state of California under said act and praying for the benefit thereof; that in his said petition, among other debts stated to be due by him, he did specifically and particularly set forth and name the said note now in suit in this court as being due to the payee therein named; that thereupon such proceedings were had in said court, that the said court did order, adjudge and decree that the said Benjamin F. Coons should be released and fully discharged from any and all debts theretofore contracted by him and contracted after the passage of said act, and from any judicial proceeding relative to the same; that all said proceedings and said judgment were in strict accordance with the laws of California; that said note sued upon remained in the hands of said Tevis without endorsement at the time of the discharge aforesaid." The act referred to was made part of the agreed statement.

The court rendered judgment on the above facts for the plaintiffs.

*Shepley*, for plaintiff in error.

As between citizens of the same state a discharge under the insolvent laws of that state operates as a full discharge of all debts. At the time Coons applied for the benefit of the insolvent laws of California, the note now in suit was the only one upon which he was liable, and the only contract by which he was holden. The old note was surrendered to Coons. The new note was for a different amount. Coons stands in the same position here as any other citizen of California would, if Tevis had taken the note of that other person at the time of giving up the old note. At the time of the proceedings in insolvency the note here sued upon was in law and fact the property of a citizen of California, and was a contract between two citizens of California. Before endorsement, the plaintiffs could not have sued upon it. Tevis was the only person who could. (See 7 Mo. 298; 9 Mo. 168, 377; 19 Mo. 193; 12 Mo. 538.) The endorsement by Tevis was after the discharge. (See Hall v. Boardman, 13

N. H. 38.)    The suit is founded on the note and not on an open account.

*Gantt* and *Sedgwick*, for defendant in error.

I. The contract was essentially a Missouri contract.   The goods were sold and the original note was given at St. Louis, Missouri, both parties being citizens of Missouri.   The subsequent renewal of the note at California did not in anywise alter it in this respect.   Being a Missouri contract, the bankrupt laws of California did not discharge it.   (See Raymond v. Merchant, 3 Cow. 147; Keevill v. Fareira, 18 Mo. 186; Ogden v. Saunders, 12 Wheat. 213; 10 Mass. 367; 15 Mass. 396; 18 Johns. 54; 2 Aiken, 12; 3 Conn. ——; 4 Wheat. 122, 208, 209; 6 Wheat. 131; 2 Johns. 241; 1 Hill, 516; 4 Barb. 369; 6 Barb. 432; Chitt. on Contr. 593; 9 Mo. 58; 12 Pick. 580; 2 Blackf. ——; 8 Pick. 194; 12 S. & M. 554; Story on Agency, § 154, 160, 169, 394, 403; 24 Verm. 33; 21 Pick. 486; 5 Mass. 491; 2 B. & P. 147; 13 Verm. 334; 2 McLean, 352; Chitt. Plead. 4, 5; 8 Conn. 60; 1 Johns. 139; 15 Johns. 1; 7 Mass. 37; 2 Pick. 86; 5 Pick. 7; 1 Mo. 237; 6 Johns. 94; 6 Shepl. 361; 4 Dev. 357; 6 Hill, 47.)

NAPTON, Judge, delivered the opinion of the court.

The judgment of the court of common pleas upon the agreed facts in this case is manifestly right, unless the note taken by Tevis in California in April, 1854, essentially altered the character of the transaction.   Admitting that the form of this note had the effect of placing the legal title in Tevis, so that he could have maintained an action thereon, the question still arises whether the form of a contract is to conclude as on the question of beneficial ownership.   That Tevis was a mere attorney of the plaintiffs appears on the face of the note; and if it did not, the facts show it to have been so beyond dispute.   If a citizen of California purchases goods in St. Louis, and gives his notes for them to a mercantile firm here, and that note is endorsed to an attorney in California for the convenience of collection, does this circumstance

make the note a California contract subject to be discharged by their bankrupt laws? The actual beneficial owners of the note reside here; and, if the note was not transferred nominally to a citizen of California, there could be no question made; and shall a mere change in the form of a paper, contrary to the intention of parties, be allowed to work an essential change in the rights conferred by it?

The case under consideration is stronger than the one put. Here the plaintiffs and defendant were all citizens of this state, where the original indebtedness arose from which this note of April, 1854, sprung. The defendant gave his note here for the indebtedness. That note was transmitted to the agent of the plaintiffs in California, where the defendant had gone, and it was given up for the renewed note now sued on. The plaintiffs were undoubtedly for all beneficial purposes still the owners of the note of April, 1854; and as they resided here the bankrupt law of California did not discharge the contract.

The other judges concurring, the judgment is affirmed.