ANDREW LESTER *v.* ALEXANDER M. CHRISTALAR.

The insolvent laws of a State cannot affect a creditor residing out of the State, at the time of the application for the discharge, who does not participate in the proceedings under such laws, even though his debt be a judgment recovered within such State.

And a resident of this State, by an assignment to him of such judgment, after that discharge, acquires a valid and subsisting interest, which is not affected by the discharge.

Whether a judgment recovered in this State is a contract made or to be executed in this State within the meaning of the insolvent law—*Query.*

The facts appear from the opinion of the Court.

BY THE COURT.—DALY, F. J.—When the judgment was reversed, Kirkland, Mansfield & Hall, the plaintiffs, were non-residents of this State, and at the time of the first publication of the defendant's application to be discharged from his debts as an insolvent, Mansfield was dead, Kirkland was a resident of the State of Ohio, and Hall was a resident of the State of Pennsylvania, and neither of the plaintiffs in the judgment united with the defendant in his application for a discharge, nor did either of them accept any dividend from his estate. The statute declares that the discharge shall exonerate the insolvent from debts founded upon contracts made within or to be executed within the State, or debts owing to persons resident within the State at the time of the first publication of the notice of the insolvent's application, or persons not residing within this State who have united in his petition or who shall accept a dividend from his estate.

As the plaintiffs in the judgment did not reside in this State nor unite in the defendant's petition, nor accept any dividend from his estate, it is very clear that they are not embraced in either of these three latter provisions. It is suggested, however, that the judgment was a contract made within or to be executed within this State, and that it comes within the preceding provisions. It does not appear for what the judgment was rendered, and we cannot say whether the debt or obligation which the law implies from the existence of the judgment had its foundation in contract or not. In a certain sense a

Lester v. Christalar.

judgment is to be deemed a contract. "Whatever," says Blackstone, "the law orders any one to pay, that becomes instantly a debt which he hath beforehand contracted to discharge." 3 Bl. Com. 158. I think it is at least very doubtful whether the contract implied from the existence of a judgment, is contemplated by the statute when it refers to a contract made or to be executed in this State. But it is not necessary to pass upon that question, for the defendant's discharge would not affect a debt due to persons who were not residents of this State, when he made his application and obtained his discharge. It is now well settled that the insolvent laws of a State have no extra territorial effect, and will not operate to discharge a debt due to creditors who are not within its jurisdiction, unless they participated in the proceedings, either by uniting in the application for the insolvent's discharge, or by accepting a dividend from his estate. *Ogden* v. *Saunders*, 12 Wheaton, 213; *Sturges* v. *Crowningshield*, 4 id. 122; *McMillan* v. *McNeill*, 4 id. 209; *Hinckley* v. *Mareau*, 3 Mason, 80; *Clap* v. *Smith*, 3 Peters, 411; *Boyle* v. *Zacharue*, 6 id. 348; *Clay* v. *Moffat*, 5 How. 295. The fact that Kirkland, Mansfield & Hill resorted to the Courts of this State, and obtained a judgment upon their claims against the defendant, was not such a submission or assent to the jurisdiction of this State as to entitle it to release, by a discharge under its insolvent laws, the debt or obligation created by the judgment. This point was expressly determined in *Watson* v. *Bourne*, 10 Mass. 337. Justice Johnson, in *Ogden* v. *Saunders*, *supra*, questioned the soundness of this decision, and thought that there was little doubt but that the decision was wrong; but the same question came up for adjudication in this Court in *Donnelly* v. *Corbett*, afterwards affirmed in the Court of Appeals, 3 Seld. 500.; and though great respect was due to the doubts expressed by so eminent a judge as Justice Johnson, this Court after mature deliberation, decided in conformity with the decision of the Supreme Court of Massachusetts. The point was directly involved, and the conclusion we arrived at was essential to support the judgment we rendered. The plaintiff, a resident of this State, sued the defendant Corbett, a resident of South Carolina, in the Courts of South Carolina, upon a contract made in this State, but which was to be

performed in South Carolina. Having obtained a judgment, a ca. sa. was issued, upon which Corbett was imprisoned—and while in custody, he petitioned, as debtors charged in execution are entitled to do by the laws of that State, for a general discharge from his debts, upon his surrendering up all his property for the benefit of his creditors, which discharge was granted. The plaintiff afterwards attached property belonging to Corbett in this State, and upon a bond given by him to release the attachment, an action was brought in this Court. We held that the discharge under the insolvent laws of South Carolina was no answer to the action; that so far as these laws discharged him from imprisonment, they affected the remedy only and were valid, but that so far as they undertook to release or discharge the debt they were unconstitutional and void, and that no assent on the part of the plaintiff to the insolvent law of South Carolina, nor waiver of his constitutional immunity, could be implied from his bringing an action in that State, to enforce the payment of his debt. Upon all these propositions, the judgment of this Court was sustained by the Court of Appeals. The decision of Justice Bronson in the case of *Parkinson* v. *Scovill* (19 Wend. 150), to which our attention has been called, was before us when our decision was rendered, but we declined to follow it, as it was in conflict with the decision of the Supreme Court of the United States. In *Donnelly* v. *Corbett*, the debt was contracted in this State, so that the only distinction between that case and the present is that then the insolvent's discharge of another State was pleaded in bar, while here the discharge was granted under the laws of our State; but that makes no difference. It was expressly decided in *Clay* v. *Moffatt* (5 How. 295), that where the Courts of the United States have declared a State law to be in conflict with the Constitution, and therefor declared void, the State tribunals are bound to conform to such decision; that an insolvent law which comes within this category cannot be pleaded as a discharge, even in the forum of the State which enacted it, for that a State cannot inflict its insolvent laws on contracts and persons not within its limits.

As the judgment remained in full force, and had never been released by the discharge granted to the defendant, the plaintiff in this action, though a citizen of this State, could and did

---

acquire by the assignment, a valid and subsisting interest in it. This disposes of all the questions that have been discussed. The report of the referee should be affirmed.