## Case No. 16,993a.

### VON COTZHAUSEN v. NAZRO et al.

[See 15 Fed. 891.]

## Case No. 16,994.

### VON GLAHN v. VARRENNE et al.

[1 Dill. 515.] [1]

Circuit Court, D. Minnesota. 1871.

STATE INSOLVENT LAWS—ALIEN CREDITORS—DISCHARGE.

1. State insolvent acts are valid as to subsequent contracts between citizens or inhabitants of the state enacting the law; and a discharge of the debtor thereunder is as binding upon an alien creditor residing or domiciled in the state at the time when the contract was made and the discharge granted as it would be upon creditors who were naturalized aliens or native born citizens residing in the state.

[Approved in Letchford v. Convillon, 20 Fed. 611. Cited in Milliken v. Barrow, 55 Fed. 149.]

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

2. The grounds upon which the validity of state insolvent laws are sustained, discussed.

[Cited in Mather v. Nesbit, 13 Fed. 873.]

[Cited in Main v. Messner, 17 Or. 78, 20 Pac. 256.]

The present action is brought upon a judgment rendered September 20, 1858, in favor of the plaintiff and against the defendants in one of the state courts of Minnesota. That judgment was rendered upon a promissory note, dated St. Paul, Minnesota, December 17, 1856, made by the defendants Bantiel & Rice, and indorsed to the plaintiff by the defendant Varrenne. This judgment is regular, and was obtained upon personal service. Bantiel & Rice and Varrenne are all made defendants in the present action. Bantiel is not served; Rice, though served, makes no defence; but Varrenne files an answer pleading his discharge under the state insolvent law of Minnesota, which discharge was obtained subsequent to the rendition of the judgment upon which the plaintiff declares, but before the commencement of this action. To show the jurisdiction of this court in the present case, the plaintiff alleges in his complaint that, "On the 1st day of December, A. D. 1856, he (the plaintiff) was and still is a subject of the king of Hanover, in Germany, and an alien; that the said defendants, Charles R. Rice and Alfred Varrenne, during all that time have been and now are each citizens of the state of Minnesota, and the said defendant, Bantiel, is, and for a long time past has been, a citizen of the state of Wisconsin." The defendant Varrenne was discharged under the insolvent law of Minnesota, June 6, 1861. The present action was brought September 19, 1868. The parties waived a trial by jury, and submitted the cause to the court upon the pleadings, which, in substance, disclosed the foregoing facts, upon the record of the judgment on which suit is brought, and of the insolvent proceedings, and upon the following agreed statement of facts, namely: 1. That the plaintiff is now and ever has been an alien; but when the debt was created,—which was in the state of Minnesota,—on which the judgment in suit was obtained, and when said judgment was rendered, and also when said insolvent proceedings by said Varrenne were commenced, and also at the time he was discharged under those proceedings, the plaintiff, though an alien, was a resident of the state of Minnesota, and the said Varrenne was at said date a citizen and resident of said state. 2. That the said insolvent proceedings under the state law, and also the defendant's discharge thereunder, are regular; the plaintiff's debt was scheduled by the defendant; but the plaintiff became no party to such proceedings other than being made a party and notified by publication; he never appeared to said proceedings or received a dividend thereunder; and the question is, whether those proceedings, under these circumstances, are effectual against, or operate upon, the plaintiff.

Mr. Lampreys, for plaintiff.

R. B. Galusha, for defendant Varrenne.

Before MILLER, Circuit Justice, DILLON, Circuit Judge, and NELSON, District Judge.

DILLON, Circuit Judge. The debt from the defendant to the plaintiff was created in the state of Minnesota, in the year 1856. At that time, and down to the year 1858, when the plaintiff obtained his judgment against the defendant, in the courts of Minnesota, and down to the year 1861, when the defendant obtained his discharge under the state insolvent act, both of the parties to the suit were residents of that state, the plaintiff a resident alien, the defendant a resident citizen.

The proceedings in insolvency under the Minnesota act, and the defendants' discharge thereunder, are admitted to be regular, and if these proceedings and this discharge operate upon and bind the plaintiff, he cannot recover. Whether the discharge is a valid defence to the plaintiff's judgment is the question presented for our determination.

It is provided in the constitution that, "Congress shall have power to establish uniform laws on the subject of bankruptcies throughout the United States." By that instrument congress is also authorized to regulate commerce among the states, and the states are prohibited from passing laws impairing the obligation of contracts. Based upon these and other provisions of the constitution, it was at one time strongly argued that no state could pass any insolvent law; that is, any law which, without payment or satisfaction of the debt, and without the creditor's consent, discharged the debtor of his obligation to pay. The question had to be settled by the supreme court of the United States, and different phases of it were settled at different times.

In Sturges v. Crowninshield, 4 Wheat. [17 U. S.] 122, state insolvent laws were adjudged invalid as to pre-existing contracts. Subsequently came the great case of Ogden v. Saunders, 12 Wheat. [25 U. S.] 213, 1827. That case held that such laws were not unconstitutional, as respects subsequent contracts between persons of the same state. Mr. Webster, of counsel in the case last cited, made a very powerful argument against their validity, even to this limited extent. 6 Webst. Works (Little & Brown's Ed.) p. 24 et seq. The opinion that such laws are valid as to subsequent contracts between citizens of the state enacting the law, seems never to have had the approval of his judgment. Speaking of this subject, in the senate, as late as 1840, he said: "It is true that it has been decided that, in regard to contracts entered into after the passage of any state bankrupt law, between the citizens of the state having such law, and sued in the state courts, a state discharge may prevail. So far effect has been given to state laws. I have great respect, habitually, for judicial decisions; but it has nevertheless, I must say, always appeared to me that the distinctions on which these decisions are founded are slender, and that they evade, without answering, the objections founded on the great political and commercial objects in-

tended to be secured by this part of the constitution." 3 Webst. Works. 19. It is quite plain. I think, that the judgment of this great constitutional lawyer was against the validity of state insolvent laws, even as respects posterior contracts between persons resident in the state enacting the law. This opinion rested upon two main propositions: 1. That any law manifestly impairs the obligation of a contract, which (as all insolvent laws do) discharges the obligation without fulfilling it. 6 Webst. Works. 26. 2. That it is not true that existing laws enter into and become parts of contracts made thereunder so as to give them their obligatory force; but on the contrary, he contended that contracts derived their sacredness and obligation from universal and not merely statutory law; and that the constitution intended to protect all contracts, past and ·future, from invasion by state legislation.

Without pursuing the matter further, it is here sufficient to observe that the court decided against this reasoning, and established the validity of state insolvent laws as respects subsequent contracts made between citizens or inhabitants of the state. This result was reached upon the ground, largely, if not wholly, that every contract made in a state has relation to the existing law of the state, which, ·so to speak, becomes part of the contract, and since the insolvent law declares a right on the part of the debtor to be discharged from contracts thereafter made on certain terms, the exercise of such right cannot be said to impair the obligation of the contract. This reasoning of the court has been referred to because it will aid us in deciding the question presented in the case at bar.

It is now settled by the decisions of the supreme court—Ogden v. Saunders, supra; Cook v. Moffat, 5 How. [46 U. S.] 309; Boyle v. Zacharie, 6 Pet. [31 U. S.] 348; Baldwin v. Hale, 1 Wall. [68 U. S.] 223, 3 Am. Law Reg. (N. S.) 462, and note—that state insolvent laws are wholly ineffectual against non-residents of the state, even though the contract was, by its terms, to be performed in the state granting the discharge, unless, indeed, such non-resident creditor voluntarily becomes a party to the insolvent proceedings, or claims or accepts a dividend thereunder.

The cases below cited authorize the law relating to discharges under state insolvent acts, and the reasons for it to be thus stated, viz.: that the debt attends the person of the creditor, no matter in what state the debt originated or is made payable; that a creditor cannot be compelled by a state of which he is not a citizen or resident, or in which he has not his domicil, to become a party to insolvent proceedings therein; that such proceedings are judicial in their nature, so that jurisdiction over the person of the creditor is essential; that notice is requisite to jurisdiction in insolvent proceedings, and can no more be given in such cases than in personal actions where the party to be notified resides out of the state, and hence a discharge under a state insolvent act

cannot discharge a debt due to a non-resident, unless the latter appears and voluntarily submits to the jurisdiction of the court by becoming a party to the proceedings, or claims a dividend thereunder. Baldwin v. Hale (1863) 1 Wall. [68 U. S.] 223, 3 Am. Law Reg. (N. S.) 462, and note by Judge Redfield; Ogden v. Saunders, 12 Wheat. [25 U. S.] 213; Boyle v. Zacharie, 6 Pet. [31 U. S.] 348; Cook v. Moffat, 5 How. [46 U. S.] 310; Suydam v. Broadnax, 14 Pet. [39 U. S.] 75. And see also the following decisions in the state and circuit courts: Hawley v. Hunt, 27 Iowa, 303; Donnelly v. Corbett, 7 N. Y. 500; Felch v. Bugbee, 48 Me. 9; Beers v. Rhea, 5 Tex. 349; Poe v. Duck, 5 Md. 1; Anderson v. Wheeler, 25 Conn. 603; Crow v. Coons, 27 Mo. 512; Pugh v. Bussel, 2 Blackf. 394; Beer v. Hooper, 32 Miss. 246; Woodhull v. Wagner [Case No. 17,975]; Byrd v. Badger [Id. 2,265]; 2 Story. Const. § 1300: Story, Confl. Laws. § 341; 2 Kent, Comm. 503; Kelley v. Drury, 9 Allen. 27, overruling Scribner v. Fisher, 2 Gray, 43, and following Baldwin v. Hale, supra. It being agreed that the discharge in question is regular, and it being settled that the insolvent law of Minnesota is valid as to contracts thereafter made in that state, and between citizens thereof, it is not seriously controverted, nor does it admit of doubt, that the defence relied on is effectual to bar the plaintiff's recovery, unless for some reason the plaintiff is not bound by the insolvent proceedings.

The only reason urged by his counsel why he is not bound thereby is, that though he was a resident of the state, both when the debt was created and the insolvent proceedings were had, he was not a citizen of it, but an alien or unnaturalized foreigner. In support of this position counsel refer to the language used by judges in some of the cases above cited. Thus in the leading case of Ogden v. Saunders, the second opinion of Mr. Justice Johnson (12 Wheat. [25 U. S.] 258) was concurred in on the general question, and settled the law therein. Curt. Dig. p. 114, § 4; Boyle v. Zacharie, 6 Pet. [31 U. S.] 348, 643; .Cook v. Moffat, 5 How. [46 U. S.] 310; Baldwin v. Hale, supra, per Clifford, J. And the principle decided is thus stated by the judge just named: "That between citizens of the same state, a discharge of a bankrupt by the laws of that state is valid as it affects posterior contracts; as against citizens of other states it is invalid as to all contracts." So in Hawley v. Hunt, supra, decided by the supreme court of Iowa, the judge delivering the opinion of the court said: "The settled law now is, that a non-resident and non-assenting creditor is not bound by the debtor's discharge under state insolvent laws, no matter where the debt originated or is made payable. In other words, the citizenship of the parties governs, and not the place where the contract was made, or where it is to be performed." The idea designed to be expressed, by the use of such language, is, not that state insolvent laws cannot operate infra-territorially upon all the people

or inhabitants or permanent residents of a state as well as upon native or naturalized citizens, but the thought intended to be conveyed is, that such laws can have no extraterritorial effect, so as to operate upon the rights of non-residents of the state.

In the case before the court the creditor was a permanent resident of the state. That was his domicil. He was subject to its laws. His debt was created there. His debtor was a citizen of the same state in which the plaintiff resided. He resorted to the laws of the state to enforce the collection of his debt, and it is under those laws and in its courts that he obtained the judgment now in suit. He continued his residence in the state until after the discharge of the defendant under the state law. If the plaintiff were not an alien, it is not denied that he would be bound by that discharge. No reason is perceived why. he should have any greater contract-rights than a citizen of the same state. The grounds upon which the supreme court have sustained insolvent laws, viz.: that they are supposed to enter into subsequent contracts made within the state, and hence can only operate within the territory of the state, show that an alien resident in the state is as much affected by such laws as resident citizens of the state.

The lex loci governs. and that. in this case, is the law of Minnesota, and it is operative as to subsequent contracts upon all who reside or have their domicil in the state, irrespective of the fact of legal citizenship. Upon the admitted facts of the case. judgment must be entered in favor of the defendant, Varrenne. Judgment accordingly.

NELSON, District Judge, concurs in the foregoing opinion, and MILLER. Circuit Justice. who was present when the case was argued, but not when it was decided. agreed to the result.