DUNDASS T. PRATT and BENJAMIN B. REATH, Appellants, v. THOMAS B. CHASE, Respondent.

A discharge under the insolvent laws of this State is no defence to an action by a citizen of another State, upon a note given before the proceedings for a discharge, although such note is made payable, and the action is brought, in this State.

The allegations of the complaint, not denied by the answer, that the plaintiffs are, and for years have been, residents of the State of Pennsylvania, and that they are not, and have not been since the date of the note, residents of the State of New York, sufficiently establish that they were not subject to the territorial jurisdiction of this State, and not affected by the proceedings for the defendant's discharge.

(Argued May 3d ; decided September 12th, 1871.)

APPEAL from an order of the Supreme Court at General Term in the first district, affirming a judgment in favor of the defendant.

The action was tried in May, 1862, before a justice of that court, without a jury. It appeared by the complaint that the action was brought upon three promissory notes made by the defendant, two of them on the first of September, 1854, at Philadelphia, in the State of Pennsylvania, and the other on the 4th of January, 1855, at Buffalo, in the State of New York, all of them payable to the plaintiffs, on time, at the city of Buffalo, and amounting together to about $365. It was also alleged that the plaintiffs resided in Pennsylvania at the time the notes were made, and had not been thereafter residents of the State of New York, where the defendant resided. The defendant, by his answer, set up his discharge as an insolvent, under the laws of the State of New York, on

his application, together with two-thirds of his creditors, granted by the county judge of Kings, in November, 1859, and that the defendant resided in the State of New York at the time the notes were made.

The justice, before whom the action was tried, found that the allegations of the complaint and answer were true, and that the discharge was a bar to the plaintiffs' recovery.

The plaintiffs excepted to this conclusion, and after a motion for a new trial, which was denied, appealed to the General Term, where the judgment entered for the defendant was affirmed, in March, 1865.

The plaintiffs thereupon appealed to the Court of Appeals. The case below is reported, 19 Abb., 150, and 29 How., 296.

*John Fitch,* for the appellants, cited *Sturgis* v. *Crowning-shield* (7 Wheat., 122); *Baldwin* v. *Hale* (1 Wall., 223); *Donnelly* v. *Corbett* (3 Seld., 500); 9 Mass., 454; 1 N. Hamp., 242; 6 Pick., 244; 11 How. U. S., 456, 165; *Baldwin* v. *Bk. of Newberry* (1 Wall., 234); *Kelly* v. *Drury* (9 Allen); *Soule* v. *Chase* (39 N. Y., 342).

*Addison Brown,* for the respondent, insisted, among other things, that the plaintiffs must prove citizenship in another State; residence, or domicil is not sufficient; citing *Ogden* v. *Sanders* (12 Wheat., 213); *Suydam* v. *Broadnax* (14 Peters, 75); *Baldwin* v. *Hale* (1 Wall., 223); *Turner* v. *Bk. of N. A.* (4 Dall., 8); *Evans* v. *Dar* (4 McLean, 574); 2 Abb. Pr., 53. That the discharge was a bar in the courts of the State where it was granted; he cited *Jewell* v. *Wright* (30 N. Y., 259); *Van Reimsdyck* v. *Kane* (1 Gall., 371); *Cook* v. *Moffat* (5 How. U. S., 316); *Shelby* v. *Guy* (12 Wheat., 361); *Ballantine* v. *Golding* (1 Cooper Bank. L., 346); *Potter* v. *Brown* (5 East., 124); *Mason* v. *Hale* (12 Wheat., 370); *Gilman* v. *Lockwood* (4 Wall., 409); *Parkinson* v. *Scoville* (19 Wend., 150).

LEONARD, C. It must be accepted as a settled principle in this State, that its insolvent laws are binding upon such per-

sons, only, as are citizens of the State at the time the debt is contracted, except in cases where foreign creditors make themselves parties to proceedings under the insolvent laws of the State, by accepting dividends, becoming petitioning creditors, or, in some other way, appearing and assenting to the jurisdiction, and become estopped from denying the validity of such proceedings.

The insolvent laws of a State have no extra-territorial force or effect. They are inoperative, as to citizens of another State, or territory, although the contract is to be performed within the State granting the discharge. (*Soule* v. *Chase*, 39 N. Y. R., 342; *Baldwin* v. *Hale*, 1 Wallace R., 223.)

The counsel for the respondent insists that the present case is not within the decisions cited, for the reason that it does not appear that the plaintiffs are citizens of the United States; mere residence in another State being wholly immaterial.

The terms " citizen of another State," "resident of another State," and "foreign creditors," are used in different decisions, when considering the operation of State insolvent laws, quite indiscriminately.

All the cases agree that the insolvent laws of a State are obligatory upon all citizens of the same State. As to creditors of the insolvent who are not citizens of the same State where the discharge is granted, the want of binding force to defeat the obligation of a contract is founded upon the want of jurisdiction over such creditors. They are under no obligation to appear in a foreign tribunal, and no legal process or notice can be served requiring an appearance. In the case of *Scribner* v. *Fisher* (2 Gray, 43), the Supreme Court of Massachusetts held that, if the contract was to be performed in the State where the discharge was granted, it was a good defence to an action on the contract, although the plaintiff was a citizen of another State, and had not, in any manner, become a party to the proceeding. Referring to this decision, the Supreme Court of the United States say, in *Baldwin* v. *Hale* (*supra*): " Irrespective of authority, it would be difficult, if not impossible, to sanction that doctrine. Insolvent systems of every kind

partake of the character of a judicial investigation. Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right, they must first be notified. · Common justice requires that no man shall be condemned in his person or property without notice and an opportunity to make his defence"— citing, among other cases, that of *Oakley* v. *Aspinwall* (4 Comst., 513). And again, at the close of the opinion, the court further say: " Insolvent laws of one State cannot discharge the contracts of citizens of other States, because they have no extra-territorial operation; and, consequently, the tribunal sitting under them, unless in cases where a citizen of such other State voluntarily becomes a party to the proceeding, has no jurisdiction in the case."

The case of *Baldwin* v. *Hale* is authority for holding, not only that the obligation of a · contract is not affected by an insolvent's discharge, except as applicable to contracts between citizens of the same State where the discharge was granted, but that the rule is also the same, notwithstanding that the contract is to be performed within the State, under the laws of which the discharge was obtained.

In the case now under consideration, it is stated in the complaint, and not denied in the answer, that the plaintiffs are residents of Pennsylvania, and have not been residents of the State of New York since the date of the notes in suit. The application for the discharge was made and granted subsequent to the making of the notes. Whether the plaintiffs were citizens of the United States or foreigners, is of no importance. I think it sufficiently appears that they were neither citizens nor residents of the State of New York, nor subject to the territorial jurisdiction of that State at the time of the application of the defendant for his discharge. Hence it follows that the obligation of the defendant to pay the notes in suit has not been discharged.

These considerations lead to a reversal of the judgment. There being nothing to be tried, the judgment should be for plaintiffs for the amount of the notes, interest and costs.

All concur for reversal.

Judgment reversed, and judgment ordered in favor of the plaintiffs for the amount of the notes, with interest and costs.