## SATTERTHWAITE *v.* ABERCROMBIE.

*(Circuit Court, S. D. New York.   August 4, 1885.)*

1. INSOLVENCY—NON-RESIDENT CREDITORS.
   A creditor who is a non-resident, and in no way made a party to insolvency proceedings under a state law, is not affected thereby.
2. STATUTE OF LIMITATIONS—ABSENCE FROM STATE — CODE CIVIL PROC. N. Y. §§ 380, 401.
   A. executed a note that fell due, with grace, on January 4, 1874, and being unpaid, suit was brought against him in New York, where he resided, on February 16, 1884. From the time he executed the note to December, 1877, he stayed with his uncle in New Jersey, when he came to the New York Hotel in New York city. He was a gentleman of leisure, and until 1882 an unmarried man, without a permanent home or place or business. Between December, 1877, and the commencement of the suit, he was not continuously absent from the state for the space of one year, but he spent his summers in New Jersey

and a part of one winter in Washington, D. C. _Held_, that the action was not barred by the statute of limitations prescribed by Code Civil Proc. N. Y. §§ 380, 401.

At Law.

*P. V. R. Van Wyck*, for plaintiff.

*George V. H. Baldwin*, for defendant.

WHEELER, J.   The note in suit was dated November 1, 1872, and made payable 14 months after date; consequently it fell due, with grace, January 4, 1874.   This suit was commenced February 16, 1884. The defenses are the statute of limitations, and a discharge in a species of insolvency proceedings under what is called the "Two-thirds Act" of the state of New York.   The cause has been tried by the court upon a waiver of a jury.   The plaintiff is, and was at the time of the insolvency proceedings, a non-resident of the state of New York, and did not in any way become a party to those proceedings.   They did not, therefore, affect him in his right to recover on his note.   *Ogden* v. *Saunders*, 12 Wheat. 213; *Cook* v. *Moffat*, 5 How. 309; *Savoye* v. *Marsh*, 10 Metc. 594; *Clark* v. *Hatch*, 7 Cush. 455; *Pratt* v. *Chase*, 44 N. Y. 597.

According to the testimony of the defendant,—which is all there is in the case upon the subject of his residence,—he was staying with his uncle in Jersey City, in New Jersey, at the time of giving the note, and continued to stay there until December, 1877, when he came to the New York Hotel, in New York.   Nothing is shown about him previously, except that before he was at his uncle's at this time, he was visiting his sister, at Elizabeth, New Jersey.   He states now that he is a gentleman of leisure, 48 or 50 years old, and was married in 1882.   From this it is understood that he was a single man, without a family, or permanent home, or place of business, until after his marriage, since about the time of which he has had a residence in the city of New York.   As no other domicile is shown, his place of residence must be taken to have been where he was.   It cannot be assumed, without any evidence at all, to have been elsewhere.   He was without the state of New York when the cause of action accrued.

The statute of limitations of New York provides that actions like this must be commenced within six years after the cause of action accrued, (Code Civil Proc. § 380,) and that if the defendant is without the state when the cause of action accrued the action may be commenced within the time limited therefor after his return into the state.   Section 401.   The six years commenced to run, therefore, upon this cause of action in December, 1877, six years and about two months before the action was commenced.   The statute of limitations further provides that if, after a cause of action has accrued against a person, he departs from and resides without the state, or remains continuously absent therefrom for the space of one year or more, the time of his absence is not a part of the time limited for the commencement of the action.   Section 401.   The evidence shows that he was

not continuously absent from the state for the space of one year, between December, 1877, when the time commenced to run, and the commencement of the action. The case does show that from December, 1877, to the winter of 1880 and 1881, he spent the winters in New York, staying at the New York Hotel, and the summers at Mendham, New Jersey; that in February, 1881, he went to Washington, D. C., and stayed several months there, then returned to New York, without showing to what place, intending to go to Mendham, where he soon went for the summer; and that late in 1881 he returned to New York and stayed at different hotels, among them the New York, until he went to his present residence. It is not clear to which hotel he went when he returned to New York late in 1881. Nothing is shown as to what quarters he had, or under what arrangement he stayed, at the New York, or other hotels, except that he stayed there; and he testifies that the books of the New York Hotel would show when he was there. It can only be found from this that he was there as a guest or boarder, and that his arrangements for staying only covered the time when he was actually a guest or boarder there, and not the intervals when he was absent for a summer season, and especially not the long interval in 1881, from February till late in the year, when it does not, in fact, appear that he did return there at the end of the interval when he returned to New York. At such times he had no home or abode there, nor any right there, so far as appears, beyond or different from the right of all persons to become guests there. When he left, under such circumstances, he would not leave any place there at which process could be served,—he would take his abode with him; and a general intention to reside in the city of New York would not make his home, nor give him a domicile, there. How he provided for himself at Mendham does not appear, but, however it may have been, it is not probable that it was by any arrangement less permanent than being a guest or boarder at a hotel. And if it was only that, it would be equally permanent with his arrangement at the hotels in New York when he was there. Especially when he left New York and went to Washington, he does not appear to have left any home or place of abode to return to in New York. When at Washington his home and domicile was there, because he had none elsewhere, so far as appears. As said by Lord THURLOW, in *Bruce* v. *Bruce*, 2 Bos. & P. 231, note: "A person being at a place is *prima facie* evidence that he is domiciled at that place, and it lies on those who say otherwise to rebut that evidence." The defendant does not show enough to make a residence in New York while he was at Washington or Mendham. *Atty. Gen.* v. *Dunn*, 6 Mees. & W. 511; *Jamaica* v. *Townshend*, 19 Vt. 267; *Bell* v. *Pierce*, 51 N. Y. 12. So, when he went to Washington in February, 1881, he departed from and commenced to reside without the state of New York, and continued to reside without the state until he returned late in 1881. The time of his residence without the state, taken from the six years and two or three months

between the time when the statute began to run and the commencement of the action, will leave less than six years to be reckoned towards the statute bar.   The statute is not understood to mean, as has been assumed in argument, that residence without the state must continue for a year, not to be a part of the time limited; but that if the person departs from the state and resides without it for any length of time, that time is to be taken out, although absence for less than a year not accompanied by residence without the state is not.   If this were not so the first alternative would be useless, for residing without the state would be included in absence from it.   And there is good reason for the distinction.   Service might be made if his residence was within the state during his absence from the state, while it could not if his residence was without the state.   Therefore it might well be provided that no mere absence of less than a year should be deducted, but that any permanent residence without the state should be.

These conclusions make it unnecessary to decide the question much discussed in argument, whether putting this note in the schedule of debts due by the defendant in the insolvency proceedings was a sufficient acknowledgment to take the debt out of the statute.   Judgment for plaintiff.