[Filed November 20, 1888.]

## MAIN & WINCHESTER, RESPONDENTS, *v.* CHARLES MESSNER, APPELLANT.

INSOLVENCY — DISCHARGE OF INSOLVENT — EFFECT OF AS AGAINST FOREIGNER NOT PARTY TO PROCEEDINGS. — A discharge in insolvency by an insolvent court of this state to one of its citizens is no bar to an action brought by a citizen of another state in the courts of this state when such creditor was not a party to the insolvency proceedings.

*R. & E. B. Williams,* for Respondents.

*Cox, Smith,* and *Teal,* for Appellant.

LORD, J.— This is an action to recover money on account for goods sold and delivered by the plaintiffs to the defendant. To settle the question in controversy on demurrer, the defendant alleged in his answer that the plaintiffs were citizens of the state of California, and then set up as a defense in bar of the action his discharge under the insolvent laws of this state. It is admitted that the plaintiffs did not appear, nor were parties to the insolvency proceedings in any manner or form by which they have estopped themselves from denying the validity of such proceedings. The only question raised is, whether the discharge of the defendant from his debts, under the insolvent law of this state, is a bar to the action.

The argument for the defendant is, that the plaintiffs by bringing their action in the courts of this state submitted themselves to the *lex fori,* and will not be permitted to deny in such courts the legal effect of the discharge under our insolvent laws. The language of his counsel is, that "this discharge is given by a state court, and the plaintiffs should not be allowed to come into the same court and disregard that decree."

It is too plain for argument that the fact of bringing the present action in the state court did not have the

effect to confer jurisdiction over the plaintiffs in the in-
solvency proceedings.   How, then, and on what principle,
can any order or decree rendered therein operate to estop
the plaintiffs or affect their legal rights in this action?

We are answered by counsel for the defendant in this
wise:  He says that in *Ogden* v. *Saunders*, 12 Wheat. 23,
and afterwards approved in *Suydam* v. *Broadnax*, 12 Pet.
75, and in *Baldwin* v. *Hale*, 1 Wall. 232, it was held that
"a certificate of discharge under such a law cannot be
pleaded in bar of an action brought by citizens of another
state in the courts of the United States, or of any other
state than that where the discharge was obtained."   And
consequently, under that ruling, it is of no importance
that the court did not acquire jurisdiction over the plain-
tiffs in the insolvency proceedings, as the defendant or
any debtor can always plead in bar the discharge of the
courts of the state where obtained.

If this be a fair deduction from the language stated, it
is not supported by the case or cases in which it is em-
ployed.   In *Ogden* v. *Saunders, supra,* as finally disposed
of by Mr. Justice Johnson, the judgment was distinctly
put upon the ground that a discharge in insolvency
under a state law could not bind the citizens of another
state over whom the court granting the discharge had
no jurisdiction.   He said: "The question now to be con-
sidered is, whether the discharge of a debtor under a state
insolvent law would be valid against a creditor or citizen
of *another* state who has never voluntarily subjected him-
self to the state laws otherwise than by the origin of his
contract.   And in the discussion of this question, among
other things he says: "Every bankrupt or insolvent sys-
tem in the world must partake of the character of a judi-
cial investigation.   Parties whose rights are affected are
entitled to a hearing.   Hence any bankrupt or insolvent
system professes to summon the creditor before some

tribunal to show cause against granting a discharge to the bankrupt. But on what principle can a citizen of another state be forced into the courts of a state for this investigation? The judgment to be passed is to prostrate his rights, and on the subject of those rights the constitution exempts him from the jurisdiction of the state tribunals, without regard to the place where the contract may originate."

And as a result of his reasoning he concludes as follows: "I therefore consider the discharge under a state law as incompetent to discharge a debt due a citizen *of another* state, and it follows that the plea of discharge here set up is insufficient to bar the rights of the plaintiff."

It is thus seen that the whole tenor of the discussion is devoted to showing that the state insolvent laws cannot have any extraterritorial force, — that state courts in insolvency proceedings under such laws cannot by their order or decrees affect citizens of another state who have not voluntarily submitted themselves to its jurisdiction, and consequently that such orders of discharge, as against them, are nullities, and cannot be pleaded in bar of their rights. The authorities to this point, both national and state, are quite unanimous and decisive.

In *Baldwin* v. *Hale, supra,* the court say: —

"Regarded merely in the light of principle, the rule is one which could hardly be defended, as it is quite evident that the courts of one state would have no power to require the citizens of another state to become parties to any such proceeding. . . . . Insolvent laws of one state cannot discharge the contracts of citizens of other states, because they have no extraterritorial operation, and consequently the tribunal setting under them, unless in cases where a citizen of such other state voluntarily becomes a party to the proceeding, *has no jurisdiction* in the case. Legal notice cannot be given, and

consequently there can be no obligation to appear, and of course there can be no legal default." (See also *Newton* v. *Hagoman*, 10 Saw. 461; *Van Glahn* v. *Varrenne*, 1 Dill. 519; *Sloan* v. *Cheneguy*, 22 Fed. Rep. 215.)

To the same effect are the state decisions.

In *Pratt* v. *Chase*, 44 N. Y. 599, the court say:—

"It must be accepted as a settled principle in this state that its insolvent laws are binding upon such persons only as are citizens of the state at the time the debt is contracted, except in cases where foreign creditors make themselves parties to the proceeding under the insolvent laws of the state by accepting dividends, becoming petitioning creditors, or in some other way appearing and assenting to the jurisdiction, and become estopped from denying the validity of such proceeding." And again: "All the cases agree that the insolvent laws of the state are obligatory upon all citizens of the same state. As to creditors of the insolvent who are not citizens of the same state where the discharge is granted, the want of binding force to defeat the obligation of a contract is *founded upon the want of jurisdiction over such creditors.*" (*Soule* v. *Chase*, 39 N. Y. 343; *Lester* v. *Christlar*, 1 Daly, 29; *Drunnelly* v. *Corbett*, 7 N. Y. 500.

In *Hawley* v. *Hunt*, 27 Iowa, 307, the court say:—

"The settled doctrine now is, that a debt attends the person of the creditor, no matter in what state the debt originated or is made payable; that a creditor cannot be compelled by a state of which he is not a citizen or resident to become a party to insolvent proceedings therein; that such proceedings are judicial in their nature, *so that jurisdiction over the person of the creditor is essential;* that notice is requisite to jurisdiction in such cases, and can no more be given in insolvent proceedings than in personal actions where the party to be notified resides out of the state; and hence a discharge under a state insolvent

XVII. OR.—6

law will not and cannot discharge a debt due to a citizen of another state, unless the latter appears and voluntarily submits to the jurisdiction of the court by becoming a party to the proceedings or claiming a dividend therein."

In *Bedell* v. *Scruton*, 54 Vt. 493, the court say:—

"It must now be regarded as settled beyond question that a discharge granted by a state court of insolvency is no bar to the claim of a non-resident creditor who does not take part in the insolvency proceeding, or submits himself in any way to the jurisdiction of the insolvency tribunal; nor is the rule affected by the place where the contract is made or to be performed, or the form in which it is sought to be enforced. The debt attends the person of the creditor, and *unless he is within the jurisdiction of the court, no discharge granted by it can affect his rights.*"

In *Hill* v. *Carlton*, 74 Me. 156, the plaintiffs, citizens of Massachusetts, brought an action upon an account, against a defendant of Maine, in the court of that state. While this action was pending, the defendant procured his discharge in insolvency, and pleaded the same in the defense of the action, but the court held it to be no bar to the plaintiffs' right to recovery. (See also *Rhodes* v. *Borden*, 67 Cal. 8; *Poe* v. *Duck*, 5 Md. 1; *Beer* v. *Hooper*, 32 Miss. 246; *Anderson* v. *Wheeler*, 25 Conn. 603; *Crown* v. *Coons*, 27 Mo. 512; *Kelly* v. *Drury*, 9 Allen, 27.)

"No state," said Judge Story, "can introduce any system which shall extend beyond its territorial limits and the persons who are subject to its jurisdiction. Creditors residing in other states cannot be bound by its laws." (Story on Constitution, sec. 1108.)

The fact is, — and no principle is more elementary, — that all state laws are confined in their operations to its territorial limits, and that it is not in the power of its legislature to give them any extraterritorial force and effect, and, as the authorities indicate, this is particularly

true of state insolvent laws.   Nor upon principle can it be otherwise.   Under any insolvent system there must be some kind of judicial proceedings before any order or decree can be rendered discharging the insolvent from liability.   That order or decree, to be valid and operative, must be supported by jurisdiction over the person or the thing, otherwise it is a mere nullity.   As the debt attends the person, there can be no jurisdiction of it unless the non-resident creditor submits it to the court and claims a dividend.

If, then, the non-resident creditor does not voluntarily submit himself to the court in which the insolvency proceedings are pending, nor his claim for a dividend or distribution of the insolvent's estate, no order or decree of discharge which such court may render can extinguish his debt or affect his right to its recovery.   There being neither jurisdiction of him or his debt, the decree is a mere nullity so far as it professes to discharge his debt. To hold otherwise would be to condemn him unheard, and to appropriate his property "without due process of law."   This being so, the question in such cases — the discharge of the insolvent being otherwise valid—is simply one of jurisdiction, and the forum in which the remedy is sought cannot affect the principle or alter the rule.

As the plaintiffs did not voluntarily submit themselves to the jurisdiction of the court in insolvency, or in any way participate in its proceedings, either by uniting in the application for the defendant's discharge, or by submitting their claim and accepting a dividend from his estate, it results that there was no jurisdiction over them, and that the debt which the defendant owed was not extinguished by his discharge in such insolvency proceedings, and consequently that the defendant cannot plead such discharge in bar of the plaintiffs' right of recovery; and therefore the judgment must be affirmed.