[No. 836. Decided July 27, 1893.]

## A. WEBER, *Respondent*, v. G. W. YANCY, *Appellant.*

ACTION ON FOREIGN JUDGMENT—LIMITATION—INSOLVENCY PRO-
CEEDINGS—EFFECT OF DISCHARGE—PRESUMPTION AS TO CITI-
ZENSHIP.

A statute of another state prohibiting action on a judgment ob-
tained in one of its courts, unless leave of court is first obtained,
affects the remedy merely, and does not apply to an action on such
judgment in a court of this state.

Residence in a certain state for a number of years will, when
nothing appears to the contrary, raise the presumption of citizen-
ship there.

The discharge in an insolvency proceeding from the lien of a
judgment by the same court which rendered the judgment is with-
out effect as against the judgment creditor, when the court had no
jurisdiction over him in the insolvency proceeding.

Action upon a judgment rendered in another state against a res-
ident there is not barred under our statute of limitation, when the
judgment defendant has become a resident of this state, until after
the expiration of six years from the time such residence began
here.

*Appeal from Superior Court, King County.*

*Burke, Shepard & Woods,* for appellant.

*Emmons & Emmons, Paden & Gridley,* and *Hawley &
Prouty,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This is an action on a judgment recovered
in the county court of Fond du Lac county, Wisconsin, on
June 9, 1882, by the respondent against the appellant here,
on a contract debt originating in 1881. The respondent
was at all those times and is still a resident of Illinois, and
has at no time been a resident of either Wisconsin or
Washington. The appellant was at all those times a resi-
dent of Fond du Lac county, Wisconsin, and so remained

till September 1, 1887, when he removed to Seattle, Washington.

On June 23, 1885, the appellant, being then an insolvent debtor, began proceedings in insolvency under the Wisconsin statute for the relief of insolvent debtors, which had been a general law of the state since prior to all the times above mentioned. Said proceeding was begun and carried through in compliance with the requirements of the statute, notice being given by publication, and on April 8, 1886, appellant was granted a discharge of his indebtedness, the order therefor purporting to satisfy the judgment aforesaid recovered against him by the respondent. No personal service of notice or process in the insolvency proceeding was made upon the respondent, none being prescribed by the statute, and the respondent did not appear in said proceeding, nor accept any dividend from the assignee therein. The respondent's judgment has never been satisfied or discharged, unless by force of said insolvency proceeding. The circuit court in Wisconsin in which said insolvency proceeding was prosecuted is a court of general original jurisdiction. The county court of Fond du Lac county is a court of record, and, besides probate and other special jurisdictions common to all county courts in the state, has, by statute, jurisdiction concurrently with the circuit court of civil actions not involving over $20,-000.

A Wisconsin statute, in force in 1882, and ever since then, provides that "No action shall be brought upon a judgment rendered in any court of this state, except a court of a justice of the peace, between the same parties without leave of the court for a good cause shown, on notice to the adverse party."

This action was begun in the superior court of King county, on May 13, 1891. The plaintiff (respondent) filed a complaint, declaring on his said Wisconsin judg-

ment, and also alleging that the defendant (appellant) was out of and absent from and resided out of the territory (now state) of Washington, on June 9, 1882, and thence continuously till September 1, 1887. To this complaint the defendant interposed a demurrer based on §§ 25 and 27 of chap. 2 of the Washington Code of 1881, relating to limitation of actions, and the amendments of said § 25 by the acts of December 22, 1885 (Laws 1885–6, p. 74), and February 25, 1891 (Laws, p. 90). The demurrer was overruled, and the defendant answered, setting up the limitation relied on; and pleading the statute above mentioned requiring leave of the court to be obtained before suing on a Wisconsin judgment, and the fact that no such leave had been obtained; and also pleading the Wisconsin insolvency statute and his discharge in proceedings thereunder. To the plea of the statute of limitations the plaintiff demurred, and his demurrer was sustained; to the plea of no leave obtained to sue on the judgment, and to the plea of the Wisconsin insolvency statute, and the discharge thereunder, he replied. Afterwards, on August 29, 1892, the parties made an agreed statement of facts, embracing admissions of the existence of all the Wisconsin statutes above referred to, and of the existence and regularity of the defendant's insolvency proceeding (reserving the question of its effect on the plaintiff's county court judgment), that the plaintiff had not obtained leave to sue, and embracing all the other facts above set forth. The case was submitted to the superior court for decision on this statement of facts, and judgment went thereon against the defendant, who thereupon prosecuted this appeal.

The appellant's case rests upon three points, a determination of either of which in his favor must result in a reversal of the judgment below, with directions to dismiss the action. These are as follows: (1) The court below erred in giving judgment for plaintiff, because this action

was instituted without leave first obtained to sue upon the Wisconsin judgment. (2) The court erred, because the appellant's discharge in insolvency proceedings under the Wisconsin statute, as pleaded and incorporated into the agreed statement, was a bar to any action on the respondent's prior Wisconsin judgment. (3) The court erred, because the Washington statute of limitations pleaded was a bar to the respondent's action.

Appellant waives, as immaterial, the question whether the leave of court required by the Wisconsin statute as a prerequisite to an action upon a judgment of that state should be sought and obtained, where it is proposed to bring the action in another state, from the court which rendered the judgment, or from the court in which it is proposed to bring the action on the judgment; but contends that, however that may be, the contract evidenced by the Wisconsin judgment is limited in its force by the Wisconsin statute in existence when the judgment was recovered, prohibiting its collection by a new action without leave first obtained; that the law imports the statute into the judgment, and that the judgment can have no higher force in any other state than in the state where it was granted; that the "full faith and credit" provision of the federal constitution (art. 4, §1) implies that the public acts of every state shall be given the same effect by the courts of other states that is given to them by the law and usage of the state which enacted them, and therefore that the limitation imposed by the Wisconsin statute upon the force of a judgment obtained in that state, and upon the remedies flowing from that judgment, must be recognized by the courts of any state in which an action is based upon it as qualifying, equally in those courts as in the courts of Wisconsin, the right of action upon the judgment, so that the fact that no leave to sue had been obtained is matter in abatement of this action in the courts of this state.

There is no law in this state requiring leave of court to sue on a judgment, whether recovered here or elsewhere.

We have no knowledge that the provision of the federal constitution above referred to has ever been construed as going to the extent contended for by appellant. The statute in question was not one which limited the force of the judgment, and did not enter into it; but was one which related to a remedy thereon only, and as such would have no force here. 2 Parsons, Contracts (7th ed.), pp, 718 to 723; Story, Conflict of Laws (8th ed.), § 556.

As to the second ground, it is not contended that the discharge in question would have force to discharge the debt under the circumstances against a citizen of another state than Wisconsin, where it was obtained, as the law in that respect has been settled by the federal court otherwise. But the point is made here that it does not appear that the respondent was a *citizen* of another state, as it only appears that he was a resident of the State of Illinois, and it is contended that residence does not imply citizenship, and that the respondent may even have been a citizen of Wisconsin although a resident of Illinois. It, however, appears by the stipulated facts that the respondent was not at any time a resident of the State of Wisconsin, and never having been a resident he could not have been a citizen of that state, and it likewise appearing that the respondent had for many years been a resident of the State of Illinois he will be presumed to be a citizen of that state, the contrary not appearing.

It is further contended that the discharge had the effect of barring an action on the judgment obtained by the respondent in Wisconsin, although it would not affect the original contract or debt upon which the judgment was obtained, because the same judicial power which granted the judgment afterwards discharged it, and the one could have no more force than the other. This proposition is an-

swered by the fact that the court had jurisdiction to render the first judgment, and it had no jurisdiction to render a discharge thereof in the insolvency proceeding as against the respondent, and it was therefore void and without effect as against him for any purpose. It follows that the discharge pleaded was no bar to the action. Reno on Non-residents, §§ 267–270; Hawes on Jurisdiction of Courts, § 121; *Slaughter House Cases*, 16 Wall. 36–74; *Shelton v. Tiffin*, 6 How. 163; Story, Conflict of Laws (8th ed.), § 539; Story, Constitution (5th ed.), § 1390; Cooley's Const. Lim. (5th ed.), § 358; *Hawley v. Hunt*, 27 Iowa, 303; *Main v. Messner*, 17 Or. 78 (20 Pac. Rep. 255); *Bean v. Loryea*, 81 Cal. 151 (22 Pac. Rep. 513).

Nor do we think that the plea of the statute of limitations was well taken, as the appellant had not been within the jurisdiction of the courts of this state for six years, the time prescribed in such cases. The word "return," used in the exception, has generally been construed to mean to come into, and consequently applies to non-residents, and in order to avail himself of the statute it was necessary for the appellant to show that he had resided in this state for the full statutory period. This was the view incidentally taken of this statute by the court in *Lake v. Steinbach*, 5 Wash. 659 (32 Pac. Rep. 767).

It follows that the judgment of the superior court must be affirmed.

DUNBAR, C. J., and STILES, HOYT and ANDERS, JJ., concur.