## ANDERSON *vs.* WHEELER.

A promissory note, made in the state of New York by A. to the order of B. both being citizens of that state, and payable at a bank in the city of New York, was endorsed and delivered before due to C., a citizen of Connecticut, who had since remained the owner of the same. After it fell due, A obtained in the state of New York a discharge from his debts under the insolvent laws of that state, which he pleaded in bar of an action brought on the note in this state by C. Held, 1. That the contract was to be considered as standing on the same ground as if the promise in the note had been originally made to C., and was not therefore within the operation of such insolvent laws as made between citizens of that state. 2. That the fact that the note was payable in the state of New York did not bring it within their operation—and 3. That consequently the discharge was no bar to the action.

ASSUMPSIT; brought by the plaintiff as endorsee of the following note :

$1,000. New York, 8th March, 1854. Sixty days after date I promise to pay to the order of William Gilchrist, one thousand dollars at the American Exchange Bank, value received. F. G. Wheeler. [Endorsed, William Gilchrist.]

The case was tried on an issue closed to the court, at the term of the superior court holden in Tolland county in February, 1857, and reserved, on the finding of the facts, for the advice of this court as to the judgment to be rendered.

The court found that the note was made and delivered for a valuable consideration to the payee at the time when it bears date, and before it fell due was for a valuable consideration endorsed and delivered by the payee to the plaintiff, who had ever since remained the owner of the same ; that the maker and payee of the note were, at the time it was made, residents and citizens of the state of New York, the former having ever since continued so, and the latter for more than a year after the date of the note ; that the plaintiff at the time of the negotiation of the note resided and had ever since resided in Mansfield in the state of Connecticut ; and that the American Exchange Bank was a banking institution located and doing business in the city of New York.

The court further found that on the 31st day of January, 1856, the maker of the note, upon proceedings instituted in the state of New York since the maturity of the note, received a discharge from all his debts under the insolvent laws of that state, but that the plaintiff received no actual notice of such proceedings, and had never presented the note against, or received any dividend from, the insolvent estate of the maker, in settlement in that state.

*Hyde*, for the plaintiff.

A discharge from debts under the insolvent laws of any state is of no validity when pleaded in the courts and against the citizens of another state. *Ogden* v. *Saunders*, 12 Wheat., 213, 363. *Boyle* v. *Zacharie*, 6 Peters, 348. *Cook* v.

*Moffat,* 5 Howard, 295. *Norton* v. *Cook,* 9 Conn., 314. 2 Pars. on Con., 1st ed., 536.

The fact in this case, that at the date of the note both the maker and payee were residents of New York, will make no difference. The note was negotiable, and was endorsed to the plaintiff, a citizen of Connecticut, long before due, was protested for non-payment on the 10th of May, 1854, and was then the property of the plaintiff, and became payable wherever the plaintiff might be; and the defendant did not obtain his discharge till January 31st, 1856. *Ogden* v. *Saunders,* supra. *Baker* v. *Wheaton,* 5 Mass., 509. *Braynard* v. *Marshall,* 8 Pick., 194. The promise was not to pay the original payee alone, but to pay whomsoever should be the owner of the note when it fell due.

The fact that the note was by its terms payable at a bank in the state of New York, can not vary the case, as the plaintiff, not being a citizen of New York, can not be affected by the insolvent laws of that state.

If the contract is one made or to be performed in any other state than that where the discharge is obtained, or if the plaintiff is a citizen of another state and does not voluntarily subject himself to their jurisdiction by suing in the courts of the state where the discharge was granted, the discharge is equally unavailing. *Ogden* v. *Saunders,* supra. *Donelly* v. *Corbett,* 3 Seld., 500. *Poe* v. *Duck,* 5 Md., 1. *Scribner* v. *Fisher,* 2 Gray, 43. *Parkinson* v. *Scoville,* 19 Wend., 150. These are cases where suits were brought in the states where the discharge was obtained. In *Ogden* v. *Saunders,* the draft was presented and accepted in New York, and therefore a New York contract as fully as in this case, and yet the discharge was held invalid.

Our courts can be asked to give effect to this discharge only on one of two grounds. Either because it is a judicial proceeding and is therefore entitled to effect here as the judgment of the courts of a sister state, or that we are bound to give effect to the insolvent laws of a sister state in a spirit of comity. If it is to be regarded as a judgment, it is entitled to no effect here, as it is found that the plaintiff had no

notice of the proceedings upon which the judgment was obtained. *Ogden* v. *Saunders,* supra. *Wood* v. *Watkinson,* 17 Conn., 500. We can be asked to go no further in a spirit of comity, where the rights of our own citizens are involved, than the courts of New York would go in a like case. *Donelly* v. *Corbett,* 3 Seld., 500.

*Brockway* and *H. B. Harrison* for the defendant.

A discharge of a contract by the law of the place where the contract is made and to be performed, is a good discharge every where and extinguishes the contract. Story Confl. of Laws, secs. 331, 332, 335. Story Prom. Notes, sec. 168. Parson's Mercantile Law, 316. *Ory* v. *Winter,* 4 Martin, N. S., 277. *Very* v. *McHenry,* 29 Maine, 206. *Vermont State Bank* v. *Porter,* 5 Day, 316. *Sherill* v. *Hopkins,* 1 Cow., 103. *Smith* v. *Smith,* 2 John., 235. *Andrews* v. *Herriot,* 4 Cow., 508, 514, and cases below cited.

Wheeler was absolutely discharged from this contract, unless the insolvent law of New York is unconstitutional. 2 N. Y. Rev. Stat., 204. That law is not unconstitutional, unless its action upon contracts would impair the obligation of contracts within the meaning of the constitution.

When that law acts upon a contract made in New York, by a citizen of New York, to be performed in New York, in favor of a citizen of New York, it does not impair the obligation of that contract within the meaning of the constitution. This proposition is undisputed. See *Saunders* v. *Ogden,* 12 Wheat., 213, and the course of decisions based upon that case, and cases cited below.

If this be admitted, as it must be, there is no escape, on principle, from this further proposition, viz.: when that same law acts in the same way upon the same contract, made in the same place, by the same man, to be performed in the same place, in favor of a citizen of another state, it does not impair the obligation of that same contract. The obligation of the contract is the same in both cases, and the action of the law in discharging it is the same in both cases.

But *Saunders* v. *Ogden* has sometimes been regarded as

an authority against this last proposition. Its authority, (so far as Judge Johnson's obscure reasoning could make it an authority,) against its own principles, has been overthrown. At any rate its authority against its principle, goes only to the effect that a contract made in New York by a citizen of New York directly and immediately with a citizen of another state, and not payable by its terms in New York, but payable generally, can not be discharged under the New York insolvent law. *Blanchard* v. *Russell*, 13 Mass., 1. *Brigham* v. *Henderson,* 1 Cush., 430. *May* v. *Breed,* 7 ib., 15. *Sherrill* v. *Hopkins*, 1 Cow., 103. *Hicks* v. *Brown,* 12 Johns., 142. *Mathers* v. *Bush,* 16 ib., 233. *Pugh* v. *Bissell,* 2 Blackf., 366. *Cook* v. *Moffat,* 5 How., 295. *Parkinson* v. *Scoville*, 19 Wend., 150. *Hempstead* v. *Reed,* 6 Conn., 480. *Norton* v. *Cook,* 9 ib., 314. Story Confl. of Laws, sec. 340. *Goodwin* v. *Holbrook,* 4 Wend., 377. *Hall* v. *Boardman,* 14 N. Hamp., 38. *Scribner* v. *Fisher,* 2 Gray, 43. *Savoye* v. *Marsh,* 10 Met., 594.

This contract was made in New York, by a citizen of New York, directly and immediately with a citizen of New York, and was, by its express terms, payable in New York. It is, therefore, in essential particulars, distinguishable from the contracts declared upon in the cases cited against us.

The note in its inception, as between maker and payee, was liable to become extinguished by this discharge. The plaintiff had notice of this infirmity in the note, when he took it. Story Prom. Notes, sec. 190. Story Confl. of Laws, sec. 329–343.

STORRS, C. J. As the original parties to the note in question in this case were both citizens of the state of New York, where it was made, and where it was by its terms to be paid, it is plain that according to the doctrine settled by the supreme court of the United States in the case of *Ogden* v. *Saunders,* (12 Wheat., 213,) to the decision of which on a constitutional question like the one now before us, we are bound to conform, whatever might be our own opinion upon it, the discharge obtained by the defendant under the insolvent law

of the state of New York, which was passed before the making of the note, is a bar to this suit, unless that discharge is rendered inoperative and void against the plaintiff, who is a citizen of this state, by reason of the note having been, before it fell due, transferred to him by being endorsed to him by the original payee. If, however, in consequence of such transfer, the contract should be considered in regard to the plaintiff as standing on the same ground as if the promise in the note had been originally made to him, then it is equally clear on the authority of the case which has been mentioned, that the contract being between citizens of different states, the discharge is no bar to the suit, unless validity is given to it by the fact that the note is expressly payable in New York.

Two questions are therefore presented; first, whether the contract should be treated as one between the plaintiff and defendant, citizens of different states; and secondly, whether if it is to be so treated, the fact that the note is payable in New York, delivers the case from the decision in *Ogden* v. *Saunders*, and makes the discharge valid.

As to the first of these questions we are clearly of the opinion, that the promise in this note should be considered as having been originally made to the plaintiff, and that therefore the contract should be treated as if it had been originally entered into between him and the defendant. If the promise in this note had been made to the payee alone, and not to him or his order, and were therefore one of an ordinary character which by the general principle of the common law could not be negotiated or transferred to another, so as to vest the legal title to it in him, then, although the payee might have assigned an equitable title to it which would have been protected in favor of his assignee in an appropriate equitable mode, an action at law to enforce the promise must have been brought in the name of the original promisee, and perhaps in that action the effect of the insolvent discharge could not have been avoided by such assignment. It is unnecessary, however, to consider that point. In this case the contract is contained in a promissory note payable

expressly to the original payee or his order, and was by him transferred by his indorsement to the plaintiff. It was made payable to the payee or to any person to whom he should by his endorsement, which is the usual mode of transferring such a contract, order it to be paid, and when it was so transferred, the effect of such transfer, according to the principle which prevails in regard to mercantile contracts of this peculiar description, and renders them negotiable and transferable so as to vest a legal title in them, and to the promise contained in them in the endorsee, contrary to the rule which applies to ordinary promises, and does not allow of their assignment so as to vest a legal right in them in the assignee, was to attach to and vest in the plaintiff, who was the endorsee, a legal title or right to the promise contained in the note, by virtue of which legal title an action in a court of law is sustainable in his name against the promisor. The promise of the defendant became in law by the endorsement of the payee a promise to the plaintiff, and thenceforth the note while in his hands should be considered as if it were originally made payable to him by his name. Indeed the original contract of the defendant from the time it was made, promises to pay the plaintiff as well as the payee, if the latter orders such payment, because it promises to pay the endorsee of the payee who is the plaintiff. The indorsement substitutes the endorsee as the promisee in the place of the payee and the law transfers to the former, on such substitution, the legal title of the payee by virtue of and in accordance with the original contract. This point has not been strenuously contested by the defendant, and is, we think, too plain to require a more extended discussion. We would only add that in several cases this point has been considered, in which, although it was not necessary to decide it, the views of the court strongly favored the conclusion to which we have come upon it. *Baker* v. *Wheaton*, 5 Mass. R., 509. *Braynard* v. *Marshall*, 8 Pick. R., 194. In regard therefore, to the effect of the discharge set up by the defendant, the contract is to be considered as if it was made originally between the parties to this suit.

In regard to the remaining question, as the discharge of the defendant was under the insolvent law of a state other than that of which the plaintiff was a citizen, we can not, according to our view of the decision in *Ogden* v. *Saunders,* as it has been expounded by the court by which it was pronounced, through Chief Justice Marshall, hold that the plaintiff is affected by that discharge because the note in this case was made payable in New York; which view accords with the construction which, in the case of *Norton* v. *Cook,* (9 Conn., 314,) was given by this court to that decision very soon after it was made. According to that exposition of the decision, it settled the principle that a state can not, consistently with the constitution of the United States, discharge its citizens by a bankrupt or insolvent law from contracts made with them by citizens of other states. Judge *Johnson in that case first states the question under consideration to be, whether a discharge of a debtor under a state insolvent law would be valid against a creditor a citizen of another state, who has never voluntarily subjected himself to the state laws otherwise than by the origin of the contract,* and after examining the question, gives the conclusion to which he comes, by saying that he considered " the discharge under a state law as incompetent to discharge a debt due to a citizen of another state ;" " that as between citizens of the same state a discharge of a bankrupt is valid as it affects posterior contracts ; as against citizens of other states it is invalid as to all contracts." " When the states in the exercise of that power" (the power of passing bankrupt laws,) " pass beyond their own limits, and the rights of their own citizens, and act upon the rights of citizens of other states, there arises a conflict of sovereign power, and a collision with the judicial powers granted to the United States, which renders the exercise of such a power incompatible with the rights of other states, and with the constitution of the United States." That the court intended to settle the law on this subject as thus stated in this opinion of Judge Johnson, can not admit of a doubt. In *Boyle* v. *Zacharie,* (6 Pet. R., 348,) Chief Justice Marshall said, " The judges who were in the

minority of the court upon the general question as to the constitutionality of state insolvent laws, concurred in the opinion of Mr. Justice Johnson, in *Ogden* v. *Saunders.* That opinion is therefore to be deemed the opinion of the other judges who assented to that judgment. Whatever principles are established in that opinion are to be considered no longer open for controversy, but the settled law of the court." If, after the explicit language of Judge Johnson in his opinion, and the equally explicit exposition of the decision in which it was given by Chief Justice Marshall, any confirmation is required to show that, by the true import of that decision, it settled the doctrine that a discharge by the insolvent law of a state operates only on contracts made between its own citizens, it is furnished by Judge Baldwin in *Woodhall* v. *Wagner*, Bald. R., 296, by Judge Story in *Springer* v. *Foster*, 2 Story R., 383, 387, and in his commentaries on the constitution of the United States, §§ 1011, 1384; and by the cases of *Braynard* v. *Marshall*, (Supra.) *Towne* v. *Smith*, 1 Wood. & Minot, 124, *Brigham* v. *Henderson*, 1 Cush., 430, *Tebbets* v. *Pickering*, 5 Cush., 83, and *Pugh* v. *Bissell*, 2 Blackf., 394, and the cases referred to in them. The same construction of the decision in *Ogden* v. *Saunders*, is adopted and maintained with great force in the cases of *Poe* v. *Duck*, 5 Maryland R., 1, and *Donelly* v. *Corbett*, 3 Selden R., 500, in which the precise point now under consideration was made and decided in conformity with the conclusion to which we have come. On the other hand, it was held in *Parkinson* v. *Scoville*, 19 Wend. R., 150, and *Scribner* et al. v. *Fisher*, 2 Gray R., 43, that the decision in *Ogden* v. *Saunders*, is inapplicable to a case where the contract was by its terms to be performed in the state under whose insolvent law the discharge was granted, and that therefore a discharge under such a law might be valid as to such a contract made between citizens of other states. The reasoning on this question is exhausted in the cases to which we have referred and we feel unable to superadd any important considerations. Suffice it therefore to say, that we are not satisfied that we are at liberty to intro-

duce the exception or qualification to the case of *Ogden* v. *Saunders*, claimed on this point by the defendant; especially as we think that it would be clearly opposed to the ground upon which that case, so far as the present question is concerned, appears to have been decided, the protection of the independent rights of the citizens of the several states of the union under our national constitution.

We therefore advise that judgment be rendered for the plaintiff.

In this opinion the other judges, HINMAN and ELLSWORTH, concurred.

Judgment for plaintiff advised.