GEORGE A. GUERNSEY *vs.* JAMES M. WOOD.

Middlesex. March 3. — 7, 1881. ENDICOTT & SOULE, JJ., absent.

A discharge in insolvency under the laws of this Commonwealth is no bar to an action by a citizen of another State, on a contract made and to be performed here with the defendant, a citizen of this Commonwealth, although the defendant made the contract with the plaintiff's agent, who also was a citizen here, supposing him to be the principal, and the fact that he was merely an agent was not disclosed.

CONTRACT for goods sold and delivered by a citizen of Pennsylvania, doing business in this Commonwealth under the style of the Somerville Flour Mills, against a citizen of this Commonwealth. Answer, a certificate of discharge under the insolvent law of this Commonwealth.

At the trial in the Superior Court, there was evidence that the plaintiff was never a citizen of this Commonwealth; that the goods were sold to the defendant by the plaintiff's brother, who was a citizen of this Commonwealth, was in the sole charge of the business carried on by the plaintiff in this Commonwealth, never informed the defendant of his agency, and was supposed by the defendant to be the principal, carrying on business on his own account under the style of the Somerville Flour Mills.

The defendant contended that, as he and the person of whom he bought the goods were citizens of this Commonwealth, and the contract between them was made and to be performed here, the contract was subject to the insolvent law of the Common wealth, and the certificate of discharge would have barred an action thereon by that person, and was likewise a bar to this

action by the undisclosed principal. But *Brigham*, C. J. ruled that the certificate of discharge was not a bar to this action; the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. L. Newton*, for the defendant. The exceptions show that the plaintiff was an undisclosed principal, that his agent was a citizen of this State when the contract was made, and that the contract was to be performed in this State. Where an agent makes a contract for an undisclosed principal, and the latter sues thereon in his own name, he does so subject to the right of the defendant to set up all defences against the principal that, at the time of the disclosure, he had acquired the right to set up against the agent had the agent been the principal. *Sims* v. *Bond*, 5 B. & Ad. 389. 2 Smith Lead. Cas. (7th Am. ed.) 126, 370, 373, notes to *George* v. *Clagett* and *Thomson* v. *Davenport*. *Ruiz* v. *Norton*, 4 Cal. 355. *Van Lien* v. *Byrnes*, 1 Hilton, 133. *Eastern Railroad* v. *Benedict*, 5 Gray, 561. *Fiedler* v. *Smith*, 6 Cush. 336. *Churchill* v. *Palmer*, 115 Mass. 310. One of the rights the defendant had acquired before the disclosure was to plead his discharge in insolvency in bar of an action on the contract. *Stoddard* v. *Harrington*, 100 Mass. 87. *Brown* v. *Bridge*, 106 Mass. 563. And therefore that discharge is a bar to this action by the principal.

*A. D. Bosson*, for the plaintiff.

GRAY, C. J. The plaintiff, at the time of the making of the contract sued on, and ever since, was a citizen of another State. The contract being in fact made by his agent in his behalf, he had the right to sue thereon. Of that right he cannot be deprived by the insolvent law of this Commonwealth without his consent. He does not give such consent by the making of a contract in this Commonwealth, either by himself or through an agent, even if the contract is to be performed here. He is not shown to have taken any part in the proceedings under the insolvent law. The fact that the certificate of discharge obtained by the defendant under that law might have been pleaded in bar of an action brought by the agent, who was a citizen of this Commonwealth, cannot make it available in this action brought by the principal, who is not a citizen of the Commonwealth and who is not bound by that law. *Baldwin* v. *Hale*,

1 Wall. 223. *Baldwin* v. *Bank of Newbury*, 1 Wall. 234. *Kelley* v. *Drury*, 9 Allen, 27. *Ilsley* v. *Merriam*, 7 Cush. 242. *Fessenden* v. *Willey*, 2 Allen, 67. *Exceptions overruled.*