BEDELL & WARDEN *v.* C. S. SCRUTON.

*Insolvency.    Non-resident  Creditor.*

A discharge granted by a State court of insolvency is no bar to the claim of a non-resident creditor, who does not take part in the insolvency proceedings, or submit himself in any way to the jurisdiction of the insolvency tribunal ; nor is the rule affected by the place where the contract is made or to be performed, or the forum in which it is sought to be enforced.

HEARD on an agreed statement, June Term, 1880, POWERS, J., presiding.   Judgment, *pro forma*, for the defendant.

*Leslie & Rogers*, for the defendant.

*Alex. Dunnett*, for the plaintiffs.

The opinion of the court was delivered by

ROYCE, Ch. J.   This case was heard upon an agreed statement of facts ; from which it appears that in 1874 the defendant, then and now a resident of Vermont, contracted a debt to the plaintiffs, then and now residents of New Hampshire, for meat.   In 1879 the defendant filed a petition in insolvency, and in due course obtained his discharge, under the provisions of the act of 1876.   The plaintiffs were notified of the insolvency proceedings, but did not prove their claim ; and while said proceedings were pending, brought this suit and attached property acquired by the defendant after the filing of the petition.   The defendant claims that the contract was to be performed by payment within this State, and that the debt is barred by the discharge, it being provable against his estate in insolvency.

In one reported case, at least, *Scribner* v. *Fisher*, 2 Gray, 43, the distinction contended for was attempted to be held, and the doctrine laid down that when the contract is to be performed in the State where the insolvency proceedings are had, the discharge will be held a bar, as against the creditor resident of another

State. But that case has since been overruled by the Supreme Court of Massachusetts, in *Kelly* v. *Drury*, 9 Allen, 27 ; and most emphatically by the Supreme Court of the United States in *Baldwin* v. *Hale*, 1 Wall. 223, a case originally brought in the Circuit Court of the United States for the District of Massachusetts. It must now be regarded as settled beyond question that a discharge granted by a State Court of Insolvency is no bar to the claim of a non-resident creditor, who does not take part in the insolvency proceedings, or submit himself in any way to the jurisdiction of the insolvency tribunal ; nor is the rule affected by the place where the contract is made or to be performed, or the forum in which it is sought to be enforced. The debt attends the *person* of the creditor, and unless he is within the jurisdiction of the court, no discharge granted by it can affect his rights. It is a question of citizenship, and State courts and State laws are powerless to affect the rights of non-resident creditors by any jurisdiction they may have or exercise over the person of the debtor, or by any proceedings *in rem* affecting the debt itself.

In the case of *Baldwin* v. *Hale, supra,* the action was on a note made and payable in Boston, and endorsed by Baldwin, the maker, to Hale, a resident of Vermont. Baldwin soon after obtained a discharge in insolvency in Massachusetts, subsequent to which Hale, who had taken no part in the insolvency proceedings, sued the note in the U. S. Circuit Court in Massachusetts ; and the discharge, which expressly purported to be from all contracts payable, or to be performed in Massachusetts, was relied on as a defence. The court held the discharge no bar ; and this decision was affirmed by the Supreme Court of the United States, CLIFFORD, J., in the opinion, saying : " Insolvent laws of one State cannot discharge the contracts of citizens of other States ; because they have no extra territorial operation, and consequently the tribunal sitting under them, unless in cases where a citizen of such other State voluntarily becomes a party to the proceedings, has no jurisdiction in the case."

In the leading case of *Ogden* v. *Saunders,* 12 Wheat. 213, the same court say that a discharge under a State law, " as against citizens of other States, is invalid as to all contracts ; " and in

*Cook* v. *Moffat*, 5 How. 309 : "a certificate of discharge under an insolvent law will not bar an action brought by a citizen of another State on a contract made with him."

This doctrine is supported by a large number of well-considered cases, and must be regarded as the settled law. *Boyle* v. *Zacharie*, 6 Pet. 348 ; *Suydam* v. *Broadnax*, 14 Pet. 75 ; *Hawley* v. *Hunt*, 27 Iowa, 303 ; *Felch* v. *Bugbee*, 48 Me. 9 ; *Soule* v. *Chase*, 39 N. Y. 342 ; *Watson* v. *Bourne*, 10 Mass. 337 ; *Poe* v *Duck*, 5 Md. 1 ; *Beers* v. *Rhea*, 5 Tex. 349 ; *Anderson* v. *Wheeler*, 25 Conn. 603 ; *Crow* v. *Coons*, 27 Mo. 512 ; *Beer* v. *Hooper*, 32 Miss. 246 ; *McMillan* v. *McNeill*, 4 Wheat. 209 ; *D'Arcy* v. *Ketchum*, 11 How. 165 ; 3 Am. Law. Reg. (N. S.) 462.

As the above is decisive of the rights of the parties, we are not called upon to consider the constitutional question presented by the briefs.

The *pro forma* judgment of the County Court is reversed, and judgment for the plaintiffs for the sum named in the agreed statement of facts, $111.70, with interest from Nov. 4, 1874.