EDWIN A. HILLS and another, *vs.* EDWARD E. CARLTON.

Cumberland.　Opinion October 20, 1882.

*Insolvency.　Discharge.　Creditors not residing in the state.*

A discharge in insolvency by an insolvent court of this state to one of its citizens, is no bar to an action brought by a citizen of another state in the courts of this state, when such creditor was not a party to the insolvency proceedings.

ON EXCEPTIONS from superior court.

Assumpsit on an account annexed, contracted between October 4 and November 10, 1878, in the sum of $590.68, commenced December 3, 1878, and entered in the superior court for Cumberland county, at the March term, 1879. Plaintiffs are citizens of Massachusetts; defendant is citizen of Maine.

Insolvency of defendant was suggested, and assignee in insolvency appeared by his attorney.

The plea, *puis darrein continuance*, by defendant :

"And now comes the said defendant, and says that the said plaintiffs ought not further to have or maintain their aforesaid action against him, because he says that on the twenty-sixth day of March, A. D. 1879, he was by the court of insolvency for said county of Cumberland, duly adjudged to be an insolvent debtor,

under and according to the provisions of the statutes of said state, in such behalf made and provided. And defendant avers that thereafterwards, and since the last pleading in this action, that is to say, on the nineteenth day of January, A. D. 1880, a discharge in insolvency was duly granted to him in insolvency as aforesaid, and on the seventh day of February, A. D. 1881, a certificate thereof was given him by the said court of insolvency, under the seal of the said court, and of the following tenor, to wit : " . . .

"And defendant says that the plaintiffs' said claim might have been proved against his estate in insolvency as aforesaid. All which the defendant is ready to verify.

"And defendant pleads and says that said discharge operates as, and is a full and complete bar to the aforesaid suit, by force of the statutes of said state, in such behalf made and provided. Wherefore he prays judgment, if the plaintiffs ought further to have or maintain their aforesaid action against him.

Replication by plaintiffs :

"And now come the said plaintiffs and say that for anything pleaded by the defendant in his second plea aforesaid, they should not be precluded from further having and maintaining their action aforesaid, because they say that the defendant, at the time when his said debt and every part thereof was contracted, and when the defendant's promise was made, as aforesaid, was, and ever since has been, a citizen and resident of the state of Maine, and both the said plaintiffs were then and ever since have been, citizens and residents of the commonwealth of Massachusetts and not citizens and residents of Maine. And this they are ready to verify."

Rejoinder by defendant :

"And now comes defendant, and in rejoinder to the plaintiffs' replication, answers and says, that the plaintiffs, in said suit, have by their said action, submitted and subjected themselves, and their said cause of action, to the jurisdiction and the laws of the state of Maine, and having sought their said remedy in the courts of the state of Maine, the plaintiffs are bound by the laws of said state of Maine affecting their remedy and this cause of action. And that by virtue of the proceedings in said action, and by reason of the premises, the said plaintiffs have been and are made

subject in this said suit to, and are bound by the discharge of said defendant in insolvency, in manner and form as by defendant pleaded in his last plea. And of this defendant puts himself on trial."

A demurrer to this rejoinder was sustained and judgment ordered for the plaintiffs for amount claimed with interest by the court and the defendant alleged exceptions.

*Drummond and Drummond*, for the plaintiffs, cited : *Watson* v. *Bourne*, 10 Mass. 337 ; *McMillan* v. *McNeill*, 4 Wheat. 209 ; *Boyle* v. *Zacharie*, 6 Pet. 297 ; *Ogden* v. *Saunders*, 12 Wheat. 213 ; *Cook* v. *Moffat*, 5 How. 295 ; *Felch* v. *Bugbee*, 48 Maine, 9 ; *Palmer* v. *Goodwin*, 32 Maine, 535 ; *Baldwin* v. *Hale*, 1 Wall. 223 ; *Chase* v. *Flagg*, 48 Maine, 182 ; *Savoye* v. *Marsh*, 10 Met. 594 ; *Fiske* v. *Foster*, 10 Met. 597 ; *Scribner* v. *Fisher*, 2 Gray, 43 ; *Ilsley* v. *Merriam*, 7 Cush. 242 ; *Clark* v. *Hatch*, 7 Cush. 455 ; *Braynard* v. *Marshall*, 8 Pick. 194 ; *Houghton* v. *Maynard*, 5 Gray, 552 ; *Dinsmore* v. *Bradley*, 5 Gray, 487 ; *Gilman* v. *Lockwood*, 4 Wall. 409 ; *Kelley* v. *Drury*, 9 Allen, 27 ; *Towne* v. *Smith*, 1 Wood and Minot, 115 ; *Tebbetts* v. *Pickering*, 5 Cush. 83 ; *Choteau* v. *Richardson*, 12 Allen, 365 ; *Woodbridge* v. *Allen*, 12 Met. 470.

*Henry W. Swasey*, for the defendant.

There is ever to be kept in mind the well established distinction between a discharge of the debt and a bar to a suit on a debt, *i. e.* between the contract liability and the remedy, of which the statutes of limitation are a marked instance. 1 Kent's Com. 12th ed. p. 419, c. 393 ; *Von Hoffman* v. *City of Quincy*, 4 Wall. 553 ; 409.

The extra territorial inability of any legislation is the basis of the numerous decisions which are summarized in 15 Wall. 326, thus : "The extra territorial invalidity of state laws discharging a debtor from his contract with citizens of other states, although made and payable in the state after the passage of such laws, has been judicially determined by this court." Section 45 of our insolvent law, seems to be framed with the express purpose of avoiding the attempt to extend its operation beyond the jurisdic-

tion of our own courts. It is to be operative "within this state." The object of all law is to secure not simply exact but equal justice ; and in the administration of the remedy in any jurisdiction, to make no discrimination for a foreign suitor and against its own citizens. Wharton's Conflict of Laws, § 749 ; 71 Maine, 516 ; *Missouri* v. *Lewis*, 101 U. S. 22.

The *lex fori* determines the time, mode and extent of the remedy. 18 Maine, 37, 109, 112. The state of Maine having power to pass an insolvent law, "it follows as a necessary consequence that such law must control the decisions of her own forum." See *Cook* v. *Moffat et al.* 5 How. 295 ; *Tennessee* v. *Sneed*, 96 U. S. 69, and *Penniman's case*, 103 U. S. 720 ; *Von Hoffman* v. *Quincy*, 4 Wall. 553, 554 ; *Douglass and Jackson* v. *Gaillard County Treasurer*, 14 A. L. R. p. 336 (3.)

The decision in 130 Mass. 503, was upon the position of the defendant that the contract was subject to the insolvent law of Massachusetts ; and the cases cited therein all turn on the same defense. Nor does 48 Maine, 9, decide any further than that the insolvent law of Massachusetts does not discharge the debt of a citizen of Maine. In the case of *Cook* v. *Moffat et al.* 5 How. 205, counsel for creditor admits on p. 297, that a creditor may waive his constitutional rights. The following opinion is cited as an authorative exposition of defendant's position here. *Ruiz* v. *Eickermann*, Federal Reporter, vol. 11, p. 454 ; U. S. Circuit Court, E. D. Missouri, January 24, 1881.

APPLETON, C. J. The question presented for determination is whether a discharge in insolvency granted by an insolvent court of this state to one of its citizens, is a bar to an action brought by a citizen of another state in the courts of this state.

The plaintiffs were no parties to the proceedings before the insolvent court. Citizens of another state, it is not competent for the legislature of this state to pass any law suspending or discharging their right of action on a contract made with a citizen of this state. The insolvent laws of a state have no extra-territorial effect. They affect only contracts between citizens of the state by which they are enacted, as was tersely stated in

*Cook* v. *Moffat*, 5 How. 295 : " A certificate of discharge will not bar an action brought by a citizen of another state, on a contract with him." Such was the conclusion of the court of this state, in *Felch* v. *Bugbee*, 48 Maine, 9, where this question is most carefully examined and conclusively determined. In *Baldwin* v. *Hale*, 1 Wall. 223, the case of *Felch* v. *Bugbee*, was cited with approbation ; the court then deciding that a discharge obtained under the insolvent law of one state, is not a bar to an action on a note given and payable in the same state ; the party to whom the note was given having been and being of a different state, and · not having proved his debt against the defendant's estate in insolvency, nor in any manner been a party to those proceedings. To the same effect is the decision in *Guernsey* v. *Wood*, 130 Mass. 503.

The counsel for the defendant concedes that the debt is not absolutely discharged, but claims that by voluntarily submitting to the jurisdiction of the court, the plaintiffs are barred by § 45 of the insolvent law, from enforcing it. But this debt not being discharged, they have an equal right to enforce the payment of their debt with other citizens having claims to be enforced. The courts in the cases cited, like the present, have held that a discharge shall not be a bar. An absolute discharge of a debt and a prohibition against all remedies for its enforcement would seem to little differ in their consequences to the creditor. The discharge affords no defence to the plaintiffs' claim. As was well said by Mr. Justice CLIFFORD, in *Baldwin* v. *Hale*, 1 Wallace, 228, " unless it be claimed that constitutional questions must always remain open, it must be conceded, we think, there are some things . . . which must be regarded as settled and forever closed," and the question here raised is one of them. See also, *Bedell* v. *Scruton*, 54 Vermont, 493.

*Exceptions overruled.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.