## NEWTON and another *v.* HAGERMAN.

### (*Circuit Court, D. Nevada.* November 26, 1884.)

STATE INSOLVENT LAWS—EFFECT OF DISCHARGE.

A discharge under a state insolvent law is no bar to an action by a citizen of another state who did not appear or take part in the insolvency proceedings.

The opinion states the facts.

*Rothchild & Baum* and *R. M. Clarke,* for plaintiffs.

*Ellis & Judge,* for defendant.

SABIN, J. In April, 1883, plaintiffs, then and now citizens of the state of California, residing at the city of San Francisco, brought this action in the Seventh district court for the county of Washoe, state of Nevada, against defendant, then and now a resident of said county, to recover $1,188.04 on account of goods by them sold and delivered to defendant at said city of San Francisco on or about October 8, 1881. By an amended complaint, duly filed, plaintiffs reduced their demand on the same cause of action to the sum of $1,060.76, and prayed judgment accordingly. Defendant demurred to the amended complaint, and pending that demurrer the case was removed to this court. In this court the demurrer was overruled, and defendant given time to plead. Thereupon defendant filed his answer in this court, setting up his discharge in insolvency under the state statute, duly issued and granted July 28, 1883, by the said district court of Washoe county, and that the same was so granted while this action was pending in said court, and that plaintiffs' demand was included in said discharge.

To this answer plaintiffs demur on the ground that the matters so pleaded constitute no defense to this action. Upon the argument of this demurrer it was admitted that plaintiffs did not appear in said insolvency proceedings instituted by defendant, did not prove their demand against defendant, or in any way share or participate in the distribution of any estate by defendant surrendered for the benefit of his creditors. The answer virtually admits these facts, as it alleges that all of defendant's creditors, "excepting plaintiffs," took part in said insolvency proceedings.

The question, then, raised by this demurrer is simply this: What, if any, extraterritorial force or effect have state insolvent laws? If these laws have no force or effect beyond the limits of the state, and are applicable only to contracts between citizens of the state made subsequent to the passage of the insolvent laws, then the matters pleaded in the answer are no bar to plaintiffs' recovery in this action. It would seem, from an examination of the authorities on this subject, both national and state, that there is little or no ground for argument upon this question. The case of *Sturges* v. *Crowninshield*, 4 Wheat. 122, involving the subject of state insolvent laws, and their force and effect, was decided in 1819, followed by the case of *McMillan* v. *McNeill*, Id. 209, decided the same year. From that time to the present, a period of more than 60 years, there has been an unbroken line of decisions, both national and state, which are decisive of this question. In *Baldwin* v. *Hale*, 1 Wall. 223, the court, adopting the views of Mr. Justice STORY, says:

"His views as to the result of the various decisions of this court is that they establish the following propositions: (1) That state insolvent laws may apply to all contracts within the state between citizens of the state; (2) that they do not apply to contracts made within the state between a citizen of the state and a citizen of another state; (3) they do not apply to contracts not made within the state."

And the court holds that—

"Insolvent laws of one state cannot discharge the contracts of citizens of other states, because they have no extraterritorial operation, and consequently the tribunal sitting under them, unless in cases where a citizen of such other state voluntarily becomes a party to the proceeding, has no jurisdiction in the case. Legal notice cannot be given, and consequently there can be no obligation to appear, and, of course, there can be no legal default."

In addition to the authorities cited by Mr. Justice CLIFFORD in this opinion, see, also, *Baldwin* v. *Bank of Newbury*, 1 Wall. 234; *Farmers' & Mechanics' Bank* v. *Smith*, 6 Wheat. 131; *Ogden* v. *Saunders*, 12 Wheat. 213; *Suydam* v. *Broadnax*, 14 Pet. 67; *Cook* v. *Moffat*, 5 How. 295; *Hyde* v. *Stone*, 20 How. 170; *Soule* v. *Chase*, 39 N. Y. 342; *Pratt* v. *Chase*, 44 N. Y. 597; *Donnelly* v. *Corbett*, 7 N. Y. 500; *Hills* v. *Carlton*, 74 Me. 156; *Bedell* v. *Scruton*, 54 Vt. 493; *McDougall* v. *Page*, 55 Vt. 187; *Guernsey* v. *Wood*, 130 Mass. 503; *Murphy* v. *Manning*, 134 Mass. 488; *Kelley* v. *Drury*, 9 Allen, 27.

In the cases above cited every phase of the question here involved

is fully discussed, and a review of them is unnecessary here, since little can be added thereto, and nothing can weaken or overthrow their binding authority.

In *Ogden* v. *Saunders*, 12 Wheat. 213, the court holds that a discharge granted under a state law, "as against citizens of other states, is invalid as to all contracts;" and to the same effect, in *Cook* v. *Moffat*, 5 How. 309, "a certificate of discharge under an insolvent law will not bar an action brought by a citizen of another state on a contract made with him." The fact that plaintiffs were prosecuting this action in the state court at the time, and in the same court which granted the discharge here pleaded, is of no consequence. That fact could not give the state court jurisdiction over plaintiffs in the insolvency proceedings, and any order of that court made in such proceedings, affecting plaintiffs' rights in this action, was void. *Hyde* v. *Stone*, 20 How. 170; *Suydam* v. *Broadnax*, 14 Pet. 67.

In *Hills* v. *Carlton*, 74 Me. 156, plaintiffs, citizens of Massachusets, brought suit upon an account against defendant, a citizen of Maine, in the state court. After suit brought, and while the same was pending, defendant procured his discharge in insolvency, and pleaded the same in defense to plaintiffs' action. It was held to be no bar to plaintiffs' right of recovery. In *Sturgis* v. *Crowninshield*, *supra*, the court say:

"Every bankrupt or insolvent system in the world must partake of the character of a judicial investigation. Parties whose rights are affected are entitled to a hearing. Hence any bankrupt or insolvent system professes to summon the creditors before some tribunal to show cause against granting a discharge to the bankrupt. But on what principle can a citizen of another state be forced into the courts of a state for this investigation? The judgment to be passed is to prostrate his rights, and on the subject of those rights the constitution exempts him from the jurisdiction of the state tribunals, without regard to the place where the contract may originate."

The case of *Bedell* v. *Scruton*, 54 Vt. 493, is directly in point on this subject. The court say:

"It must now be regarded as settled beyond question that a discharge granted by a state court of insolvency is no bar to the claim of a non-resident creditor who does not take part in the insolvency proceedings, or submit himself in any way to the jurisdiction of the insolvency tribunal. Nor is the rule affected by the place where the contract is made or to be performed, or the forum in which it is sought to be enforced. The debt attends the person of the creditor, and unless he is within the jurisdiction of the court no discharge granted by it can affect his rights. It is a question of citizenship, and state courts and state laws are powerless to affect the rights of non-resident creditors by any jurisdiction they may have or exercise over the person of the debtor, or by any proceedings *in rem* affecting the debt itself."

The demurrer to the answer is sustained, and defendant will be given till next rule-day to plead further, if he shall so desire.