## STIRN & LYON v. McQUADE & a.

A discharge under the insolvency law of this state is no bar to an action brought by a creditor who is a citizen of another state and has not proved his claim in insolvency.

ASSUMPSIT, for goods sold and delivered. Writ dated March 29, 1889. Facts agreed. At the time of the sale of the goods, the plaintiffs resided and did business, and have ever since resided and done business, in New York. The defendants resided and did business, and have ever since resided and done business, in Manchester. July 25, 1888, the defendants were adjudged insolvent upon the petition of one of their creditors residing in Boston. September 19, 1888, they filed an agreement for compromise, and received a discharge from the insolvency court. The plaintiffs received notice of the assignment, but did not appear, nor prove their claim, nor take any part in the proceedings. The goods were sold before the commencement of the insolvency proceedings. The court ordered judgment for the plaintiffs, and the defendants excepted.

*D. F. O'Connor*, *Sulloway & Topliff*, and *J. H. Riedell*, for the defendants.

*Drury & Peaslee*, for the plaintiffs.

CLARK, J. It is settled that the insolvent law of one state has no effect in another state against the citizens of the latter holding claims that follow the person of the creditor, unless they place themselves under the jurisdiction of the law by voluntarily becom-

ing parties to the insolvency proceedings. *Perley* v. *Mason*, 64 N. H. 6; *Carbee* v. *Mason*, 64 N. H. 10; *Dunlap* v. *Rogers*, 47 N. H. 281; *Newmarket Bank* v. *Butler*, 45 N. H. 236; *Baldwin* v. *Hale*, 1 Wall. 223; *Gilman* v. *Lockwood*, 4 Wall. 409; *Denny* v. *Bennett*, 128 U. S. 489. The plaintiffs, being citizens of New York, were not under the jurisdiction of the insolvent law of this state, and not having in any way voluntarily submitted themselves to its jurisdiction, their claim was not affected by the discharge granted to the defendants by the insolvency court.

But it is contended that the plaintiffs, by bringing their action in this court, have voluntarily submitted themselves to the jurisdiction, and are bound from enforcing their claim, which is covered by the terms of the discharge granted to the defendants under the insolvent law of this state. The question presented is, whether a discharge in insolvency granted by an insolvent court of this state to one of its citizens is a bar to an action brought by a citizen of another state in the courts of this state. Insolvency proceedings involve a judicial investigation and partake of the nature of judicial proceedings, and a discharge in insolvency is valid and operative only as to persons and claims over which the insolvency court has jurisdiction. As the insolvency court of this state had no jurisdiction over the plaintiffs as citizens of New York, the discharge granted to the defendants was inoperative as to the plaintiffs, and cannot be pleaded as a discharge of their claim. *Eastman* v. *Dearborn*, 63 N. H. 364. As to the plaintiffs and their debt against the defendants, it is as though there had been no insolvency proceedings or certificate of discharge granted to the defendants. The discharge is no defence to the plaintiffs' claim. The plaintiffs' debt not being extinguished, they have an equal right to enforce the payment of it by suit in the courts of this state with other citizens having claims to be enforced. It is no reason for denying the plaintiffs' access to the courts of the state to enforce a valid claim against the defendants, in no way affecting the rights of other citizens, that the defendants have obtained a certificate of discharge from an insolvency court having no jurisdiction over the plaintiffs. This view is supported by the decisions of other courts where the question has been considered. *Guernsey* v. *Wood*, 130 Mass. 503; *Kelley* v. *Drury*, 9 Allen 27; *Hills* v. *Carlton*, 74 Me. 156; *Bedell* v. *Scruton*, 54 Vt. 493; *Anderson* v. *Wheeler*, 25 Conn. 603: *Main* v. *Messner*, 17 Oregon 78; *Phœnix National Bank* v. *Batcheller*, 151 Mass. 589.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.