[No. 13529.   Department Two. — February 4, 1892.]

EMIL LOWENBERG, RESPONDENT, v. SIMON LEVINE, APPELLANT.

CONSTITUTIONAL LAW — OBLIGATION OF CONTRACTS — POWER OF STATE — INSOLVENT LAW ELSEWHERE. — A state is denied the power or authority to enact an insolvent law having the effect to discharge the obligations of contracts made elsewhere, by section 10 of article I. of the constitution of the United States.

D. — CONSTRUCTION OF INSOLVENT ACT — EFFECT OF DISCHARGE — JUDGMENT RECOVERED OUT OF STATE — The general terms of section 53 of the Insolvent Act of this state, declaring that a discharge granted thereunder shall "release the debtor from all claims, debts, liabilities, and

demands set forth in his schedule," etc., must be restricted, and the act construed as not intended to apply to a judgment recovered out of this state, based upon a contract made and to be performed there, when the creditor in no wise participates in the proceedings in which the discharge is entered, although he may have been a resident of this state at the time of the insolvency proceedings.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Reinstein & Eisner,* and *H. I. Kowalsky,* for Appellant.

A discharge of insolvency granted to the debtor is of no effect or force against a non-resident non-assenting creditor. (*Baldwin* v. *Hale,* 1 Wall. 223; *Bedell* v. *Scruton,* 54 Vt. 493; *Kelley* v. *Drury,* 9 Allen, 27; *Soule* v. *Chase,* 39 N. Y. 342; *Dinsmore* v. *Bradley,* 5 Gray, 487; *Houghton* v. *Maynard,* 5 Gray, 552; *Rhodes* v. *Borden,* 67 Cal. 8; *Bean* v. *Loryea,* 81 Cal. 151.) The place of contracting or the place of performance of an obligation is an immaterial circumstance, so far as the binding effect of a discharge in insolvency is concerned, and the whole question is dependent upon the citizenship of the parties at the time the insolvency proceedings were begun. (Bishop on Insolvent Debtors, 2d ed., secs. 50, 53, et seq., and cases cited; *Marsh* v. *Putnam,* 3 Gray, 551; *Felch* v. *Bugbee,* 48 Me. 9; 77 Am. Dec. 203; *Hawley* v. *Hunt,* 27 Iowa, 303; 1 Am. Rep. 273; 8 Am. Law Reg., N. S., 546; *Bedell* v. *Scruton,* 54 Vt. 493.) A judgment is a mere debt, and follows the person of the creditor. (*Bean* v. *Loryea,* 81 Cal. 151; *Reed* v. *Eldredge,* 27 Cal. 347; *McBride* v. *Fallon,* 65 Cal. 301; *Hawley* v. *Hunt,* 27 Iowa, 303; 1 Am. Rep. 273; *Bedell* v. *Scruton,* 54 Vt. 493.)

*George A. Rankin,* for Respondent.

An insolvent cannot be discharged from a contract made in another state, by virtue of the state insolvent laws, where both parties were, at the time of the making of the contract, residents of the latter state, and subsequently became residents of the state in which the dis-

charge was asked, and the obligee did not participate in the insolvency proceedings, as the discharge of the contract would impair its obligation. (*Sturges* v. *Crowinshield*, 4 Wheat. 122; *Ogden* v. *Saunders*, 12 Wheat. 213; *McMillin* v. *McNeill*, 4 Wheat. 209; *Cook* v. *Moffat*, 5 How. 295; *Suydam* v. *Broadnax*, 14 Pet. 67; *Witt* v. *Follett*, 2 Wend. 457; 4 Wend. 502; *Wyman* v. *Mitchell*, 1 Cow. 316; *Hicks* v. *Hotchkiss*, 7 Johns. Ch. 296; 11 Am. Dec. 472; *Towne* v. *Smith*, 1 Wood. & M. 115; *Green* v. *Sarmiento*, 3 Wash. C. C. 17; *Byrd* v. *Badger*, 1 McAll. 263; *Kendall* v. *Badger*, 1 McAll. 523; *Webster* v. *Massey*, 2 Wash. C. C. 157; *Danforth* v. *Robinson*, 80 Me. 466; 6 Am. St. Rep. 224.)

DE HAVEN, J.—Action upon a money judgment recovered by plaintiff against defendant in a court of general jurisdiction in the territory of Montana while plaintiff and defendant were residents of that territory, and upon a contract made and to be performed there.

Subsequently to the rendition of this judgment, the defendant filed in the superior court of the city and county of San Francisco his petition in insolvency, and such proceedings were thereafter had in the matter that upon August 14, 1888, the court duly made and entered its decree discharging plaintiff from all his debts and liabilities. At the date of this decree, and during the entire time of the pendency of these insolvency proceedings, both plaintiff and defendant were residents of this state. In his answer, the defendant pleads this decree in insolvency as a bar to this action. The case was submitted to the court below upon an agreed statement of facts showing the matters hereinbefore stated, and in addition thereto the following facts: "That in the schedule of indebtedness of defendant, Levine, filed with said petition in insolvency, was set forth, as required by law, a statement of the judgment rendered against him and in favor of the plaintiff, Lowenberg, by the district court of the third judicial district of the territory of Montana, in and for Lewis and Clarke County, as set forth in plain-

tiff's complaint; that said plaintiff, Lowenberg, never filed a verified or other statement of his claim and demand in said proceedings in involuntary insolvency, or in any other manner whatever participated in any of the proceedings connected therewith; but such failure to participate therein was due to no neglect, default, or omission on the part of the defendant, Levine."

The court below gave judgment for the plaintiff, and the defendant appeals.

The only question presented in the record before us is, whether, in view of the facts as above stated, the decree discharging defendant from his debts and liabilities is a bar to this action.

It is claimed by the appellant that as the parties hereto were resident citizens of this state at the time when the insolvency proceedings were begun, and until their completion, the decree therein discharging him from all his debts is conclusive upon the plaintiff and is a bar to this action, and that the binding force of such decree is in no wise affected by the fact that the judgment sued upon was recovered in the territory of Montana, and is based upon a contract made and to be performed there. In support of this proposition, counsel for appellant rely upon *Felch* v. *Bugbee*, 48 Me. 9; 77 Am. Dec. 203; *Hawley* v. *Hunt*, 27 Iowa, 303; 1 Am. Rep. 273; *Bedell* v. *Scranton*, 54 Vt. 493; *Marsh* v. *Putnam*, 3 Gray, 551. These cases, however, with the exception of *Marsh* v. *Putnam*, 3 Gray, 551, are not in point, as in each of them, with the one exception stated, the only matter before the court for decision was as to the effect of a discharge in insolvency upon debts held by non-residents of the state in which the discharge was granted, the creditor not having proved his claim in the insolvency proceedings, nor otherwise participated therein; and it was with reference to this question that it was said in those cases that the binding effect of the discharge in insolvency then before the court depended upon the citizenship of the parties, and not upon the place of the contract. Thus in the case of *Bedell* v. *Scranton*, 54 Vt. 493, it is said:

"The debt attends the *person* of the creditor, and unless he is within the jurisdiction of the court, no discharge granted by it can affect his rights. It is a question of citizenship, and state courts and state laws are powerless to affect the rights of non-resident creditors by any jurisdiction they may have or exercise over the person of the debtor, or by any proceedings *in rem* affecting the debt itself." So, also, in *Hawley* v. *Hunt*, 27 Iowa, 303, 1 Am. Rep. 273, the only matter before the court was, whether a discharge in insolvency made by the courts of one state would affect non-residents not parties to it; and in holding that it would not, Dillon, C. J., in delivering the opinion of the court, used this language: "I have said that the settled law now is, that a non-resident and non-assenting creditor is not bound by the debtor's discharge under state insolvent laws, no matter where the debt originated or was made payable. In other words, the citizenship of the parties governs, and not the place where the contract was made or where it is to be performed."

There can be no doubt of the correctness of this proposition, when considered in connection with the question which the court had before it. Indeed, it is only the statement of a very familiar principle, which is not at all peculiar to decrees in insolvency proceedings, that no court can render a valid personal judgment against a defendant, or one affecting property which attends or follows his person, without first obtaining jurisdiction of his person. But the rule itself has no application whatever to the facts of this case, as the question here is, not whether the superior court, when it made the decree upon which appellant relies, had jurisdiction over the person of respondent, but whether the court was authorized to discharge, by its decree in insolvency, the obligation of the contract made in another state or territory.

Section 53 of the Insolvent Act of this state declares: "A discharge, duly granted under this act, shall . . . . release the debtor from all claims, debts, liabilities, and demands set forth in his schedule, or which were or

might have been proved against his estate in insolvency." This language is broad enough to include the debt sued upon in this action; but if the state is without authority to pass an insolvent law affecting the obligations of contracts made without the state, then the general terms of the statute must be restricted, and the act construed as not intended to affect or apply to them. (*Danforth* v. *Robinson*, 80 Me. 466; 6 Am. St. Rep. 224.) So that, after all, the real question for decision in this case is as to the power of the state to enact a law having the effect to discharge the obligation of contracts made elsewhere, when the creditor in no wise participates in the proceedings in which the discharge is entered, although he may have been a resident of this state at the time of the insolvency proceedings. This precise question came before the supreme court of New York in the case of *Witt* v. *Follett*, 2 Wend. 457, and was there determined in the negative; and such seems to be the settled doctrine of the supreme court of the United States. In the case of *Cook* v. *Moffat*, 5 How. 308, that court, while conceding the authority of a state to pass an insolvent law, in the absence of a law of Congress establishing a uniform system of bankruptcy, nevertheless held that, in view of section 10 of article I. of the constitution of the United States, which denies to a state the power to pass any law impairing the obligation of contracts, the insolvent law of a state "could have no effect on contracts made before their enactment, or beyond their territory." And in the later case of *Baldwin* v. *Hale*, 1 Wall. 223, that court, after reviewing the previous cases decided by it as to the effect of state insolvent laws, takes occasion to again state upon what contracts such laws cannot operate, and, in so doing, uses this language: "Undoubtedly a state may pass a bankrupt or insolvent law under the conditions before mentioned, and such a law is operative and binding upon the citizens of the state; but we repeat what the court said in *Cook* v. *Moffat*, 5 How. 308, that

such laws 'can have no effect on contracts made before their enactment, or beyond their territory.'"

The rule upon this subject, and the reason upon which it is founded, is thus stated in section 1390 of Story on the Constitution, as the result of all the cases: "The question is now understood to be finally at rest; the state insolvent laws, discharging the obligation of future contracts, are to be deemed constitutional. Still, a very important point remains to be examined, and that is, to what contracts such laws can rightfully apply. The result of the various decisions on this subject is,—1. That they apply to all contracts made within the state between citizens of the state; 2. That they do not apply to contracts made within the state between a citizen of a state and a citizen of another state; 3. That they do not apply to contracts not made within the state. In all these cases it is considered that the state does not possess a jurisdiction co-extensive with the contract over the parties, and therefore that the constitution of the United States protects them from prospective as well as retrospective legislation. Still, however, if a creditor voluntarily makes himself a party to the proceedings under an insolvent law of a state which discharges the contract, and accepts a dividend declared under such law, he will be bound by his own act, and be deemed to have abandoned this extraterritorial immunity."

In the case of *Marsh* v. *Putnam*, 3 Gray, 551, cited and relied upon by appellant, a contrary rule was declared. But this case stands alone, and, in our opinion, should not be followed.

The plaintiff not having in any manner participated in the insolvency proceedings had in this state, and relied upon as a bar, and the judgment sued upon having been recovered in Montana upon a contract made there, it results from the foregoing views that the plaintiff is entitled to recover in this action.

Judgment affirmed.

Sharpstein, J., and McFarland, J., concurred.